YOUNG, J.
We ordered oral argument on the prosecution’s applications for leave to appeal to consider the sufficiency of an affidavit in support of a search warrant under the Fourth Amendment and MCL 780.653, as well as the proper remedy for violations of MCL 780.653. Because we find no constitutional or statutory violation, these consolidated appeals do not present the opportunity to discuss remedies for such violations. Therefore, we reverse the judgments of the lower courts, which held that violations of the statute and the constitution had occurred, and remand the cases to the Genesee Circuit Court for further proceedings consistent with this opinion.
FACTS AND PROCEDURAL HISTORY
Crime Stoppers[1] received an anonymous tip that defendants were operating a marijuana growing and *470 distribution operation out of their home in Flint. Crime Stoppers passed the tip on to the Flint police, who conducted surveillance at defendants’ home on three separate days, but did not observe any evidence of a marijuana growing and distribution operation. The police then conducted a “trash pull” at defendants’ home and discovered a partially burnt marijuana cigarette, a green leafy substance on the side of a pizza box, and correspondence tying defendants to the residence. Based on this information, the police applied for a search warrant for defendants’ home.
The affidavit in support of the warrant application is particularly important to this appeal. Paragraph 7 stated:
That during the past several weeks, your affiant received an anonymous tip stating that large quantities of marijuana was being sold and manufactured out of 3828 Maryland, City of Flint, Genesee County Michigan. The tipster also indicated that there is a hidden room used for manufacturing Marijuana inside said residence.
In paragraph 8, the affidavit stated:
That on November 30, 2004, your affiant removed two (2) trash bags, white in color with red ties that were located on the south side of Maryland, east of the driveway, near the curb of 3828 Maryland. After removing the trash bags your affiant transported the bags directly to the office of the City of Flint Police Department. Your affiant and fellow officer Marcus Mahan examined the contents of the trash bags. Found inside the trash bags were one (1) suspected marijuana roach, and a green leafy substance on the side of a pizza box, and several pieces of correspondence addressed to Michael/Melinda Keller of 3828 Maryland.
*471 Paragraph 9 stated that “[y]our affiant field test[ed]... the suspected marijuana which tested positive for the presence of marijuana.” Based on the affidavit, the magistrate issued a search warrant.
When the police executed the search warrant, they uncovered nearly six ounces of marijuana, as well as firearms and marijuana smoking paraphernalia. Both defendants were charged with maintaining a drug house[2] and possession of marijuana.[3] The district court bound both defendants over to the circuit court for trial on those charges.
In the circuit court, defendants filed motions in limine to suppress any evidence obtained during the execution of the search warrant, arguing that “the reliability and credibility standards set forth in MCLA 780.653 are totally absent from this case relative to the time of the issuance of the search warrant.” Specifically, defendants argued that the police misled the district judge issuing the warrant, and that there was no support for the anonymous tip. The circuit court found a violation of MCL 780.653, but the court held that it could not order suppression based on that violation, citing People v Hawkins.[4] To remedy the violation, the court held that defendants could “argue to the jury that the police department intentionally violated the law of the State of Michigan; that the police department deliberately conducted or mislead [sic] a magistrate when seeking the search warrant.”[5]
*472 The prosecutor filed interlocutory appeals, raising only the issue of the proper remedy for a violation of MCL 780.653. The Court of Appeals granted the prosecutor’s applications for leave to appeal, but instead of addressing the issue raised by the prosecutor, the Court held that the search warrant and the underlying affidavit could not support a finding of probable cause. “Therefore, any evidence obtained pursuant to the warrant was illegally obtained and should be suppressed by the operation of the exclusionary rule unless an exception applies.”[6] The Court then opined that “the good-faith exception is inapplicable in this case.”[7] The Court cited two facts to support that conclusion. First, “[t]he affiant indicated that she had directly received the anonymous tip and then conveyed it to police.”[8] Second, “the affidavit indicates that only a roach and some possible marijuana residue were found during a trash pull — hardly evidence that would lead a reasonable person to believe that drug trafficking was occurring at the house.”[9] Additionally, the Court held that “[bjecause the affidavit was insufficient, we would also conclude that the magistrate wholly abandoned his judicial role when he issued the warrant.”[10]
Judge TALBOT dissented. He argued that the suppression ruling was not properly before the Court because defendants never appealed that ruling. With respect to the issue properly before the Court, Judge TALBOT disagreed with the circuit court ruling that defendants *473 could argue to the jury that the police misled the magistrate and violated MCL 780.653. He concluded that “if the Legislature intended to allow a defendant to argue to the jury that the police illegally obtained a search warrant as a remedy for a violation of MCL 780.653, it would have specifically listed such a remedy and would not have provided the specific remedies in MCL 780.657 and MCL 780.658.”[11]
This Court scheduled oral argument on the prosecutor’s application for leave to appeal.[12] The order directed the parties to address four issues:
(1) whether the presence in the defendants’ trash of a small amount of marijuana constituted prohable cause justifying the search; (2) assuming there was a Fourth Amendment violation, whether the police acted in objectively reasonable good-faith reliance on the warrant; (3) whether the search violated MCL 780.653; and (4) assuming that the search violated MCL 780.653, hut not the Fourth Amendment, whether the trial court elected a proper remedy by permitting the defense to argue to the jury that the police misled the magistrate and violated Michigan law in their efforts to obtain a search warrant.[13]
STANDARD OF REVIEW
“Questions of law relevant to a motion to suppress evidence are reviewed de novo.”[14] Similarly, constitu *474 tional and statutory construction involves questions of law that are also reviewed de novo.[15] However, “ ‘after-the-fact scrutiny by courts of the sufficiency of an affidavit should not take the form of de novo review. A magistrate’s “determination of probable cause should be paid great deference by reviewing courts.” ’ ”[16]
ANALYSIS
There are two separate but related issues presented by this appeal. The first concerns the constitutional validity of the affidavit in support of the search warrant. If the affidavit was constitutionally infirm, then the Court of Appeals correctly held that, absent an exception, the evidence seized pursuant to the warrant must be excluded.[17] However, if the affidavit passes constitutional muster, then the Court must determine whether the affidavit conformed to MCL 780.653.[18]
*475 THE CONSTITUTIONALITY OF THE SEARCH WARRANT
The Fourth Amendment requires a warrant to “particularly describ[e] the place to be searched, and the person or things to be seized.” The probable cause requirement is relevant to whether “contraband or evidence of a crime will be found in a particular place.”[19] With respect to appellate review of probable cause for the issuance of a warrant,
[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the “veracity” and “basis of knowledge” of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a “substantial basis for... conclud[ing]” that probable cause existed.[20]
*476 In this case, the Court of Appeals cited two statements in the affidavit that the magistrate may have relied on to find probable cause: (1) the reference to the anonymous tip and (2) the reference to the roach and marijuana residue from the trash pull. The Court dismissed the tip as unreliable because the police could not prove that the source spoke with personal knowledge or was reliable. Additionally, the Court found that the tip “is at significant odds” with both the evidence from the trash pull and the evidence discovered during the execution of the warrant.[21] The Court also dismissed the evidence of marijuana discussed in the affidavit as “only a roach and some possible marijuana residue ...[,] hardly evidence that would lead a reasonable person to believe that drug trafficking was occurring at the house.”[22] Ultimately, the Court of Appeals held that
[c]onsidering the search warrant and the underlying affidavit, as read in a commonsense and realistic manner, we conclude that a reasonably cautious person could not have concluded that there was a “substantial basis” for the finding of probable cause, i.e., for inferring a “fair probability” that evidence of drug trafficking would be found at defendants’ house.[23]
The Court of Appeals analysis is erroneous for a number of reasons. First, the Court reviewed the magistrate’s decision de novo.[24] Review de novo is proper for “questions of law relevant to a motion to suppress.”[25] However, that standard is not appropriate for review of the *477 magistrate’s probable cause determination. That determination is entitled to “ ‘great deference by reviewing courts.’ ”[26]
Second, the Court improperly framed this case as a test of the source’s reliability instead of examining all the circumstances set forth in the affidavit to determine whether there was a substantial basis for the magistrate to conclude that “there [was] a fair probability that contraband or evidence of a crime [would] be found” at defendants’ home.[27] Focusing on the tip was inappropriate because, regardless of the veracity of the source, the officer participated in a trash pull that revealed evidence of marijuana and correspondence tying the trash to the defendants. The presence of marijuana in defendants’ trash shows “a fair probability that contraband or evidence of a crime will be found in a particular place.”[28] Because this officer uncovered direct evidence of illegal activity, the marijuana, it was unnecessary to delve into the veracity of the source.
The unnecessary focus on the tip stems from the Court inappropriately dismissing the marijuana from the “trash pull” as “only a roach.” The Court correctly stated that the tip suggested a drug trafficking operation; however, the police conducted further investigation, leading to the discovery of marijuana tied to defendants’ home. The marijuana established probable cause to search the home for additional contraband.[29]
*478 The dissent focuses on the scope of the warrant, arguing that “[a] warrant issued for drug possession would only authorize a search for marijuana and possibly paraphernalia used in the consumption of marijuana, not the array of evidence of distribution authorized by the warrant in this case.” Post at 487-488. The dissent’s argument is irrelevant, however, because even supposing for the sake of argument that probable cause did not exist to search for “evidence of distribution,”
‘■‘[t]he infirmity of part of a warrant requires the suppression of evidence seized pursuant to that part of the warrant, but does not require the suppression of anything described in the valid portions of the warrant (or lawfully seized — on plain view grounds, for example — during... execution [of the valid portions]).” [United States v Sells, 463 F3d 1148, 1150 (CA 10, 2006), quoting United States v Brown, 984 F2d 1074, 1077 (CA 10, 1993).]
This rule has been adopted by every federal circuit,[30] as well as our Court of Appeals.[31]
As articulated in Sells, there is a “multiple-step analysis to determine whether severability is appli *479 cable.”[32] First the court must divide the warrant into categories. Then, the court must evaluate the constitutionality of each category. If only some categories are constitutional, the court must determine if the valid categories are distinguishable from the invalid ones and whether the valid categories “make up the great part of the warrant.”[33] Here, the warrant authorizes the seizure of three categories of evidence: marijuana; distribution evidence, such as currency and packaging paraphernalia; and possession evidence, such as proof of residency. Of these three categories, the only one that is arguably invalid is the distribution evidence. If it were invalid, that category would be severable from the others.
While all three categories are related to marijuana crimes, the distribution evidence relates to a distinct crime. Furthermore, when determining whether a valid portion constitutes the greater part of a warrant, “merely counting parts, without any evaluation of the practical effect of those parts, is an improperly ‘hyper-technical’ interpretation of the search authorized by the warrant.”[34] Instead, a court should “evaluate the relative scope and invasiveness of the valid and invalid parts of the warrant.”[35] In this case, the authorized search for marijuana permitted police officers to search the entire house and to investigate containers in which marijuana might be found. Hence, the scope of the search authorized by the valid portion of the search was extremely broad and allowed police officers to search in almost every place that the authorization to search for *480 distribution evidence permitted. For this reason, the valid portion of the warrant, in our judgment, formed the greater part of the search warrant. Therefore, even if the dissent is correct that the warrant is overbroad, the distribution category is severable.
In this case, the police did not seize any of the “evidence of distribution” for which the warrant authorized a search — “plastic packages, paper packets, and scales for weighing. .. and records of drug transactions . ...” Thus, even if that portion of the warrant is invalid, there is no need to suppress any evidence when no “evidence of distribution” was seized, because “ ‘the infirmity of part of a warrant’ ” only requires that “ ‘evidence seized pursuant to that part of the warrant’ ” be suppressed.[36]
Therefore, even accepting the Court of Appeals determination that the source was unreliable, the marijuana from the trash provides a “ ‘substantial basis for *481 concluding]’ that probable cause existed.”[37] Because the magistrate properly found probable cause for the search, the evidence found during that search is not subject to the exclusionary rule. We reverse the Court of Appeals holding to the contrary.
STATUTORY CHALLENGE
The circuit court found a violation of MCL 780.653 because the hearsay information in the affidavit was not reliable and because the officer “misled” the magistrate. The Court of Appeals agreed, citing the fact that “[t]he affiant indicated that she had directly received the anonymous tip when, in fact, Crime Stoppers received the tip and then conveyed it to the police.”[38] This conclusion was based on the affidavit, which stated:
That during the past several weeks your affiant received an anonymous tip stating that large quantities of marijuana was being sold and manufactured out of 3828 Maryland, City of Flint, Genesee County, Michigan. The tipster also indicated that there is a hidden room used for manufacturing marijuana inside said residence.
We find the Court of Appeals reasoning inadequate. First, the affiant does not indicate “that she had directly received” the tip. Because the affiant is the subject of the sentence, it is wholly unclear who relayed the tip to her. Clearly, one could infer that the anonymous source spoke directly to the affiant, but that is not the only inference possible. Nonetheless, under MCL 780.653, the key fact for purposes of probable cause is that the source was anonymous. The officer made no attempt to conceal that fact. The fact that the anony *482 mous source called Crime Stoppers instead of the police is immaterial under the statute.
The statute requires that “[t]he magistrate’s finding of reasonable or probable cause shall be based upon all the facts related within the affidavit made before him or her.”[39] Further, “[t]he affidavit may be based upon information supplied to the complainant by a named or unnamed person if the affidavit contains” indications that the named person has personal knowledge, that the unnamed person spoke with personal knowledge and is credible, or that the unnamed person spoke with personal knowledge and the information is reliable.[40]
The issue then is whether the affidavit is “based upon” information supplied by an unnamed person. “Base,” when used as a verb, means “to place or establish on a base or basis; ground, found (usu[ally] followed] by on or upon): Our plan is based on an upturn in the economy.”[41] In this case, the affidavit is “based upon” the affiant’s[42] personal efforts to search the trash and discover the marijuana because that evidence is the foundation for probable cause. The affidavit states that “based upon the items found [in the trash pull] and [the] affiant’s experience in the investigation of marijuana ... [the] affiant has probable cause to believe that evidence of illegal drug activity” would be found at defendants’ address. Hence, the affidavit *483 was explicitly “based upon” the trash pull. While the anonymous tip prompted the investigation, the affidavit is not “based upon” that information because the marijuana found is by itself sufficient for probable cause. Thus, the statutory requirement that an anonymous tip bear indicia of reliability does not come into play.[43] Because there is no statutory violation, we reverse the judgment of the circuit court.[44] Further, without a statutory violation, there is no need to discuss the propriety of the circuit court’s remedy for the alleged violation.
CONCLUSION
We disagree with the lower courts’ holdings that the affidavit in support of the search warrant failed to establish probable cause and that there was a violation *484 of MCL 780.653. Therefore, we reverse the Court of Appeals order to suppress the evidence obtained from the search and the circuit court’s order allowing defendants to argue a statutory violation to the jury. We remand the cases to the circuit court for further proceedings in accordance with this opinion.
Taylor, C.J., and Weaver, Corrigan, and Markman, JJ, concurred with YOUNG, J.

 The prosecutor describes Crime Stoppers as “a public service announcement on television asking for information about particular crimes. The individuals giving information are sometimes monetarily rewarded.” See MCL 600.2157b(4)(b) (“ ‘Crime stoppers organization’ means a private, nonprofit organization that distributes rewards to persons who report to the *470 organization information concerning criminal activity and that forwards the information to the appropriate law enforcement agency.”).

 MCL 333.7405(l)(d) and MCL 333.7406.

 Mr. Keller was charged with possession with intent to deliver, MCL 333.7401, while Mrs. Keller was charged with simple possession, MCL 333.7403.

 468 Mich 488; 668 NW2d 602 (2003).

 The circuit court also heard motions regarding the corpus delicti rule, whether to quash the bindovers on the charges of maintaining a drug *472 house, and whether separate trials were warranted. However, none of those motions is presently before this Court.

 People v Keller, 270 Mich App 446, 450; 716 NW2d 311 (2006).

 Id. at 451.

 Id.

 Id.

 Id.

 Id. at 456 (Talbot, J., dissenting). MCL 780.657 provides for a fine of not more than $1,000 or up to one year of imprisonment for “ [a]ny person who in executing a search warrant, wilfully exceeds his authority or exercises it with unnecessary severity....” MCL 780.658 provides for the same penalties for “[a]ny person who maliciously and without probable cause procures a search warrant to be issued and executed ....”

 477 Mich 968 (2006).

 Id.

 Hawkins, supra at 496-497, citing People v Hamilton, 465 Mich 526, 529; 638 NW2d 92 (2002); see also People v Stevens (After Remand), 460 Mich 626, 631; 597 NW2d 53 (1999).

 City of Taylor v Detroit Edison Co, 475 Mich 109, 115; 715 NW2d 28 (2006).

 People v Russo, 439 Mich 584, 603-604; 487 NW2d 698 (1992), quoting Illinois v Gates, 462 US 213, 236; 103 S Ct 2317; 76 L Ed 2d 527 (1983), quoting Spinelli v United States, 393 US 410, 419; 89 S Ct 584; 21 L Ed 2d 637 (1969).

 People v Goldston, 470 Mich 523, 525-526; 682 NW2d 479 (2004). However, the Court was incorrect to conclude that “the good-faith exception is inapplicable in this case” and that “[b]ecause the affidavit was insufficient,.. . the magistrate wholly abandoned his judicial role when he issued the warrant.” Keller, supra at 451. The affiant did not “mislead” the district judge, id., and the affidavit was not “lacking in indicia of probable cause . . . .” Goldston, supra at 531 (quotation marks omitted). Moreover, an appellate court’s determination that an affidavit was insufficient does not, in and of itself, provide adequate support for the conclusion that a magistrate “wholly abandoned his judicial role.” Abandoning the judicial role requires more than reaching a different legal conclusion from that of an appellate court. See, e.g., Lo-Ji Sales, Inc v New York, 442 US 319, 328; 99 S Ct 2319; 60 L Ed 2d 920 (1979).

 MCL 780.653 provides:
*475 The magistrate’s finding of reasonable or probable cause shall be based upon all the facts related within the affidavit made before him or her. The affidavit may be based upon information supplied to the complainant by a named or unnamed person if the affidavit contains 1 of the following:
(a) If the person is named, affirmative allegations from which the magistrate may conclude that the person spoke with personal knowledge of the information.
(b) If the person is unnamed, affirmative allegations from which the magistrate may conclude that the person spoke with personal knowledge of the information and either that the unnamed person is credible or that the information is reliable.

 Gates, supra at 238; see also United. States v Grubbs, 547 US 90, 95; 126 S Ct 1494; 164 L Ed 2d 195 (2006) (“In the typical case where the police seek permission to search a house for an item they believe is already located there, the magistrate’s determination that there is probable cause for the search amounts to a prediction that the item will still be there when the warrant is executed.”).

 Gates, supra at 238-239, quoting Jones v United States, 362 US 257, 271; 80 S Ct 725; 4 L Ed 2d 697 (1960) (changes in Gates). This Court *476 unanimously adopted this standard in People v Landt, 439 Mich 870; 475 NW2d 825 (1991), as noted in Russo, supra at 603.

 Keller, supra at 450.

 Id. at 451.

 Id. at 450, citing Russo, supra at 603-604.

 Keller, supra at 448, citing People v Hickman, 470 Mich 602, 605; 684 NW2d 267 (2004).

 Hickman, supra at 605.

 Gates, supra at 236 (citation omitted).

 Id. at 238.

 Id.

 The dissent rejects a finding of probable cause under these circumstances because “[a]ll the trash pull established was that, on one occasion, someone with access to defendants’ trash discarded a marijuana cigarette in one of their trash bags.” Post at 488 n 3. However, as Justice Cavanagh has acknowledged, to establish probable cause to issue a search warrant it is only necessary to show a “ ‘ “substantial basis” for inferring *478 a “fair probability” that contraband or evidence of a crime will be found in a particular place.’ ” Goldston, supra at 564 (Cavanagh, J., dissenting), quoting People v Kazmierczak, 461 Mich 411, 417-418; 605 NW2d 667 (2000) . Because marijuana was found in defendants’ trash outside of defendants’ home, a “fair probability” existed that marijuana would also be found inside defendants’ home. See United States v Briscoe, 317 F3d 906, 908 (CA 8, 2003) (holding that drugs found in trash “were sufficient stand-alone evidence to establish probable cause” to issue search warrant for possession and distribution) (emphasis in original); United States v Lawrence, 308 F3d 623, 627 (CA 6, 2002) (holding that probable cause existed to issue search warrant after discovery of cocaine residue in defendant’s trash, “even if [an informant’s] statements were excised from the search warrant affidavit”).

 See Sells, supra at 1150 n 1 (listing federal cases).

 See, e.g., People v Ulman, 244 Mich App 500, 510; 625 NW2d 429 (2001) , and People v Griffin, 235 Mich App 27, 42; 597 NW2d 176 (1999), overruled on other grounds by People v Thompson, 477 Mich 146 (2007), *479 both discussing the effect of the invalidity of a portion of the affidavit for a warrant, and People v Kolniak, 175 Mich App 16, 18-23; 437 NW2d 280 (1989).

 Sells, supra at 1151.

 Id.

 Id. at 1160.

 Id.

 Sells, supra at 1150, quoting Brown, supra at 1077. The dissent considers the firearms seized to be “evidence of marijuana distribution.” Post at 496-497. However, it is “well settled that objects such as weapons or contraband found in [plain view] may be seized by the pohce without a warrant.” People v Johnson, 431 Mich 683, 691 n 5; 431 NW2d 825 (1988). Moreover, “ ‘a warrant that authorizes an officer to search a home for illegal [drugs] also provides authority to open closets, chests, drawers, and containers in which the [drugs] might be found.’ ” People v Coleman, 436 Mich 124, 131; 461 NW2d 615 (1990), quoting United States v Ross, 456 US 798, 821; 102 S Ct 2157; 72 L Ed 2d 572 (1982). In this case, it is unclear from the record which firearms the prosecutor sought to introduce and where these firearms were found. However, regardless of where the firearms were found, the firearms evidence should not be suppressed. The valid search warrant for contraband in defendants’ home allowed police officers to “ ‘open closets, chests, drawers, and containers ....’” Hence, even if the firearms seized were in a container, the police officers were validly authorized to open such containers to search for contraband. If the police officers found the firearms after opening a container, those weapons would then be in plain view and could be validly seized. Thus, the evidence of firearms found in defendants’ home is not properly suppressed.

 Id. at 238-239, quoting Jones, supra at 271.

 Keller, supra at 451.

 MCL 780.653.

 Id.

 Random House Webster’s College Dictionary (1997).

 In context, “complainant” seems to be a synonym for “affiant.” Black’s Law Dictionary (5th ed) defines “complainant” as “[o]ne who applies to the courts for legal redress by filing a complaint (i.e. plaintiff). Also, one who instigates prosecution or who prefers accusation against suspected person.” The affiant, who is also asking for a search warrant, is someone who is applying to the court for redress or preferring an accusation.

 Even if that requirement came into play, the trash pull partially corroborating the tip provided “affirmative allegations from which the magistrate may conclude ... that the [anonymous source] is credible.” MCL 780.653. See United States v Hammond, 351 F3d 765, 772 (CA 6, 2003) (a “tip can take on an increased level of significance... if corroborated by the police through subsequent investigation”); United States v Le, 173 F3d 1258, 1266 (CA 10, 1999) (holding that tips from two informants that a defendant was selling methamphetamine were corroborated when an officer “searched] Le’s refuse and discovered] traces of methamphetamine”).

 The dissent would essentially hold that whenever an affidavit makes the slightest reference to information supplied by an informant, the requirements of MCL 780.653 must be complied with. To reach this conclusion, the dissent relies on the first sentence of MCL 780.653, which states that “[t]he magistrate’s finding of reasonable or probable cause shall be based upon all the facts related within the affidavit made before him or her.” Contrary to what the dissent concludes, the phrase “based upon” has the same meaning in both the first and second sentences. The difference between the sentences is that the first requires the magistrate to found his or her probable cause determination on all the information in the affidavit, while the second sentence only applies if the affidavit itself is founded on information from a source other than the affiant.