PEOPLE v BOUCHA

Docket No. 289197. Submitted May 4, 2010, at Lansing. Decided August 31, 2010. Approved for publication October 12, 2010, at 9:15 a.m.

Barry D. Boucha was found responsible in the 83rd District Court, Daniel L. Sutton, J., for exceeding statutory axle-weight requirements while driving his tractor-trailer, a civil infraction, MCL 257.722 and 257.724. He testified that he had raised three of the axles of his trailer for approximately two miles while driving a series of curves that would have been impossible to negotiate safely with the axles down and did not lower the axles for the straight sections between the curves because of the time it took to restore air to the axle system and the brakes. A police officer followed him through the curves and stopped him after the last one. The officer weighed the truck, but although the axles were down when he stopped the vehicle, the officer weighed the vehicle with the axles in the positions they were in during the curves. Five of the six axles were overweight, and the officer issued defendant a citation. Defendant appealed in the Roscommon Circuit Court. The court, Michael J. Baumgartner, J., affirmed, and defendant appealed by leave granted.

The Court of Appeals *held*:

MCL 257.724a(1) permits lift axles to be raised when the vehicle is negotiating a turn. Defendant submitted evidence of the curves in the roadway, and the curves permitted him to raise the axles while he negotiated them, that is, defendant had to turn the vehicle in order to negotiate the changes in the roadway. There was no evidence contradicting defendant's assertions that it was necessary to raise his axles. MCL 257.724a(2) requires that to determine if the vehicle was overweight, it must be weighed with all the lift axles lowered. Therefore, because defendant had raised the axles to negotiate a turn, the officer should have weighed the vehicle with the axles down. The citation was invalid and must be dismissed.

Reversed.

*Paul M. Ross, P.C.* (by *Paul M. Ross*), for defendant.

Before: Bandstra, P.J., and Fort Hood and Davis, JJ.

Per Curiam. Defendant appeals by leave granted the circuit court's order, which affirmed the district court's decision finding defendant responsible for operating an overweight vehicle in violation of MCL 257.722 and 257.724, a civil infraction. We reverse.

On January 14, 2008, defendant hauled a load of pine chips with a tractor-trailer on Maple Valley Road. Defendant had three of his trailer axles raised for approximately two miles through a series of curves. Defendant testified that it would have been impossible to negotiate the curves, at any speed, with his axles down because the dropped axles created too much resistance to make the curves. He asserted that on a prior occasion he forgot to lift the axles on this stretch of road and ended up driving in the other lane, almost in the gravel. Defendant asserted that he could not lower the axles in the straight sections between the curves because it took too long for the air compressor to pump air into the system that supported the axles and the brakes. He testified that his axles were down after he negotiated the curves and when he was stopped by the police officer who had been following him. Defendant alleged that his load was not overweight when all the axles were down. The police officer concluded that five of the six axles were overweight. The officer testified that he weighed the vehicle with the axles in the positions they were in when traveling on the curves in the roadway.

Following a formal hearing, defendant was found responsible for the civil infraction and fined for the violation. The circuit court affirmed the violation, albeit on other grounds. We granted defendant's application for leave to appeal. The prosecution has not filed a brief in opposition to the appeal.

MCL 257.724a provides in relevant part:

(1) The axle weight requirements of this chapter do not apply to a vehicle equipped with lift axles during the period in which axles are raised to negotiate an intersection, driveway, or other turn and until the lift axles are fully engaged after the period of time or the distance necessary to negotiate that intersection, driveway, or other turn.

(2) If a vehicle is to be weighed to determine whether the vehicle is being operated in violation of this act or a rule promulgated under this act or of a local ordinance substantially corresponding to this act or a rule promulgated under this act and the vehicle is equipped with lift axles that have been raised to allow the vehicle to negotiate an intersection, driveway, or other turn, the vehicle shall be weighed only after the lift axles have been fully lowered and are under operational pressure as provided in subsection (1).

Statutory construction issues present questions of law reviewed de novo. *People v Keller*, 479 Mich 467, 473; 739 NW2d 505 (2007). When interpreting a statute, courts must ascertain the legislative intent by examining the words of the statute. *People v Plunkett*, 485 Mich 50, 58; 780 NW2d 280 (2010). Terms in a statute are to be construed reasonably in accordance with their plain and ordinary meaning. *People v Yamat*, 475 Mich 49, 56; 714 NW2d 335 (2006).

The word "turn" when used as a noun is defined as "a movement of partial or total rotation: *a turn of the handle*," or "a place where a road, river, or the like turns[.]" *Random House Webster's College Dictionary* (2000), p 1410. In the present case, the police officer testified that he followed defendant through a series of curves in the roadway. Additionally, defendant submitted photographs demonstrating that there were eight curves in the roadway with signs warning drivers of the curves and the applicable speed limit. Defendant reported that the distance between each sign ranged from $1/5$ of a mile to $2/5$ of a mile. Therefore, the axle-weight requirements were inapplicable during the period in

which the axles were raised to negotiate the curves in
the roadway. MCL 257.724a(1). That is, defendant had
to turn the vehicle to negotiate the changes in the
roadway. It is important to note that the prosecution did
not present any testimony to contradict defendant's
assertions that it was necessary to raise axles to nego-
tiate this stretch of the roadway or regarding the time
to restore compression in the braking system. Because
defendant raised his axles "to allow the vehicle to
negotiate [a] . . . turn," the officer should have weighed
defendant's vehicle with the axles down. MCL
257.724a(2). In light of the fact that the officer weighed
the vehicle with the axles raised, as they had been while
defendant negotiated the curves, contrary to MCL
257.724a(2), defendant's citation was invalid and must
be dismissed.[1]

Reversed.

---

[1] In light of our conclusion regarding the statutory language, we need
not address defendant's challenges to the circuit court's other rulings.