# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

RAHIM SALAM,

        Defendant-Appellant.

UNPUBLISHED
January 9, 2018

No. 334875
Wayne Circuit Court
LC No. 16-003955-01-FH

Before: CAMERON, P.J., and SERVITTO and GLEICHER, JJ.

PER CURIAM.

A jury convicted defendant of possession of less than 25 grams of cocaine, MCL 333.7403(2)(a)(*v*), and delivery of marijuana, MCL 333.7401(2)(d)(*iii*). Defendant contends that the trial court should have suppressed the evidence against him based on the inadequacy of the search warrant. He also asserts that he was entitled to 44, not 38, days of jail credit. We affirm defendant's convictions but remand for the ministerial correction of the judgment of sentence.

## I. BACKGROUND

On April 23, 2016, Detroit Police Officer Nico Hurd received a tip from an anonymous source that residents at 18256 Winthrop appeared to be selling narcotics from their home. Hurd conducted surveillance at the home for one hour on April 24 and again on April 25. During each session, Hurd observed three separate individuals approach the home's side door. Defendant came to the door each time and engaged in quick hand-to-hand contact with the visitors. The longest visit lasted only two minutes. Hurd testified that in his experience these interactions were consistent with drug transactions.

On April 26, Hurd secured a search warrant for defendant's house. Inside, the searching officers found cocaine, marijuana, cash, weapons, and paraphernalia consistent with the packaging and sale of narcotics. Defendant was the only person inside the home and mail bearing that address and defendant's name was uncovered.

## II. SUPPRESSION OF THE EVIDENCE

Defendant contends that the trial court should have held an evidentiary hearing after receiving his motion to suppress and should then have suppressed the evidence against him based on the deficiency of the search warrant. Specifically, defendant complains that Hurd did not

-1-

identify the anonymous citizen who supplied the tip, that the facts in the affidavit and during Hurd's testimony were stale and insufficient to support that any drug transactions occurred, and that the issuing magistrate's signature was illegible.

We review de novo a trial court's ruling on a suppression motion, *People v Steele*, 292 Mich App 308, 313; 806 NW2d 753 (2011), and its application of Fourth Amendment principles. *People v Jenkins*, 472 Mich 26, 31; 691 NW2d 759 (2005). However, "after-the-fact scrutiny by courts of the sufficiency of an affidavit should not take the form of de novo review. A magistrate's determination of probable cause should be paid great deference by reviewing courts." *People v Keller*, 479 Mich 467, 474; 739 NW2d 505 (2007). Accordingly, we review only for clear error the trial court's factual findings. *People v Frohriep*, 247 Mich App 692, 702; 637 NW2d 562 (2001). "Clear error exists when the reviewing court is left with a definite and firm conviction that a mistake has been made." *People v Kurylczyk*, 443 Mich 289, 303; 505 NW2d 528 (1993).

Defendant first contends that the search warrant affidavit was deficient because it did not include sufficient factual information to establish probable cause. "Probable cause exists when the facts and circumstances would allow a reasonable person to believe that the evidence of a crime or contraband sought is in the stated place." *People v Waclawski*, 286 Mich App 634, 698; 780 NW2d 321 (2009). "When probable cause is averred in an affidavit, the affidavit must contain facts within the knowledge of the affiant rather than mere conclusions or beliefs." *Id.* The search warrant affidavit in this case contained a description of the exchanges that Hurd observed while performing surveillance on defendant's house. This information was based on facts that were within Hurd's personal knowledge. Moreover, Hurd described that his experience investigating drug crimes made him aware that the nature of the numerous, brief visits involving hand-to-hand contact between defendant and his visitors was indicative of drug sales. A reviewing court must ensure that the magistrate "possessed a substantial basis for . . . conclud[ing] that a search would uncover evidence of wrongdoing . . . ." *Keller*, 479 Mich at 475. Based on the alleged facts in the affidavit, the magistrate correctly found that probable cause existed to issue the search warrant.

Defendant also contends that the trial court should have granted his motion to suppress because the information that Hurd relied upon prior to conducting surveillance came from an unnamed, unidentified source. "[A]n affidavit may be based upon information supplied by a named or unnamed source . . . . If the source is unnamed, allegations in the affidavit must show that the source is credible or that the information is reliable." *People v Powell*, 201 Mich App 516, 522; 506 NW2d 894 (1993). "An independent police investigation that verifies information provided by an informant can . . . support issuance of a search warrant." *People v Ulman*, 244 Mich App 500, 509-510; 625 NW2d 429 (2001). Hurd conducted his own surveillance and confirmed the tipster's information that defendant's house received a high volume of visitors who appeared to be purchasing narcotics.

Further, defendant argues that the information in the affidavit was not fresh enough to support a finding of probable cause. "It is settled law that probable cause to search must exist at the time the search warrant is issued," and that "the passage of time is a valid consideration in deciding whether probable cause exists." *People v Brown*, 279 Mich App 116, 127-128; 755 NW2d 664 (2008) (quotation marks and citation omitted). The information in Hurd's affidavit

was not stale. Hurd conducted surveillance for two days in a row. On the third day he requested and received a search warrant. There was no indication that the subject house was a transient residence which might harbor a different resident the day after the surveillance concluded.

Defendant contends that the search warrant was defective because the magistrate's signature was illegible. This claim is wholly unsupported by law. In any event, the magistrate included his or her p-number on the document and so his or her identity could be easily discovered

And we discern no error in the trial court's decision to deny defendant's suppression motion without the benefit of a hearing.

> A defendant is entitled to a hearing to challenge the validity of a search warrant if he "makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause . . . ." [*Franks v Delaware*, 438 US 154, 155-156; 98 S Ct 2674; 57 L Ed 2d 667 (1978)]; see also [*People v Stumpf*, 196 Mich App 218, 224; 492 NW2d 795 (1992).] However, there is a presumption that the affidavit supporting the search warrant is valid. *Franks*, [438 US] at 171. In order to warrant a hearing, the challenge "must be more than conclusory and must be supported by more than a mere desire to cross-examine." *Id*. The rule from *Franks* is also applicable to material omissions from affidavits. *Stumpf*, [196 Mich App] at 224. [*People v Martin*, 271 Mich App 280, 302; 721 NW2d 815 (2006).]

Defendant identified no false statement in the affidavit, let alone an incorrect statement upon which the magistrate relied in finding probable cause to issue the search warrant. The court could easily determine from the face of the warrant whether defendant's challenges bore any merit. Accordingly, a hearing was not required.

## III. CALCULATION OF JAIL CREDIT

Defendant contends that the trial court improperly credited 38 days against his sentence instead of 44. The error, defendant describes, arose because he was held an additional eight days in the county jail after he posted bond. The prosecutor concedes error in this regard. As such, we must remand for the ministerial correction of defendant's judgment of sentence to reflect the appropriate length of jail credit against his sentences. See *People v Ericksen*, 288 Mich App 192, 206; 793 NW2d 120 (2010).

We affirm defendant's convictions, but remand to the trial court for the correction of defendant's judgment of sentence. We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ Deborah A. Servitto
/s/ Elizabeth L. Gleicher