*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

CHRISTOPHER MICHAEL THOMSON,

Defendant-Appellant.

UNPUBLISHED
April 28, 2025
9:57 AM

No. 371943
Wayne Circuit Court
LC No. 23-006272-01-FH

Before: RIORDAN, P.J., and O'BRIEN and GARRETT, JJ.

PER CURIAM.

In this interlocutory appeal, defendant appeals by leave granted[1] the trial court's order denying his motion to suppress evidence. Defendant was charged with four counts of possession of a dangerous weapon, MCL 750.224(1), and four counts of carrying a firearm during the commission of a felony (felony-firearm), MCL 750.227b. We affirm.

## I. FACTS

This case arises out of a search of defendant's home following a domestic incident between defendant and his wife. On January 29, 2023, defendant's wife called the police requesting assistance. When officers arrived at the home, defendant refused to allow the officers inside and reportedly "brandished" a pistol when an officer knocked on the window. The officers eventually evacuated defendant's wife and her children from the home through a basement window, and she told the officers that defendant assaulted her by head-butting her. She additionally reported that defendant owned multiple firearms and they were inside the home. A Law Enforcement Information Network (LEIN) check confirmed that defendant had 35 registered firearms. Defendant eventually surrendered to the officers, although he actively resisted arrest.

---

[1] See *People v Thomson*, unpublished order of the Court of Appeals, entered August 29, 2024 (Docket No. 371943).

The same day, Detective Matthew Lyles submitted a search-warrant affidavit reciting the above facts, seeking the search and seizure of any firearms and related objects, electronic devices, and proof of residency from the home. The warrant was signed by the district court. The subsequent search revealed numerous firearms and related objects, including a fully-automatic AR-style rifle and three suppressors. In a case separate from the firearms matter, prosecutors charged defendant with domestic assault and resisting and obstructing an officer and defendant pleaded guilty to domestic violence under MCL 769.4a. In the instant case, as noted, defendant was charged with four counts of possession of a dangerous weapon and four corresponding counts of felony-firearm.

In the trial court, defendant moved to quash the search warrant and suppress the evidence seized as a result of the search, arguing that his rights were violated under the Fourth Amendment of the United States Constitution and Article 1, § 11, of the Michigan Constitution. Defendant argued that the search-warrant affidavit failed to supply probable cause for the search of his home and the seizure of his firearms and related objects. Further, defendant argued, the good-faith exception to the exclusionary rule did not apply because the affidavit and warrant were so facially lacking in probable cause that any belief in their validity by the issuing judge or executing officers was unreasonable. Ultimately, the trial court invalidated the warrant based on a lack of probable cause, but found that the good-faith exception to the exclusionary rule applied to allow admission of the firearms and related objects at trial. Thus, the trial court denied the motion to suppress.

Defendant now appeals, arguing that the trial court erred by ruling that the good-faith exception to the exclusionary rule applies in this case. The prosecution has responded, arguing that the trial court erred by ruling that the search warrant was invalid for lack of probable cause and, alternatively, that the trial court did not err by ruling that the good-faith exception to the exclusionary rule applies in this case.

## II. DISCUSSION

Defendant argues that, while the trial court properly determined that the search warrant was not supported by probable cause, it erred by determining that the good-faith exception to the exclusionary rule applies. We disagree with both arguments.

This Court reviews questions of constitutional law and a trial court's decision on a motion to suppress evidence de novo. *People v Serges*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 355554); slip op at 5. "This Court reviews for clear error a trial court's factual findings in a ruling on a motion to suppress evidence." *People v Clark*, 330 Mich App 392, 415; 948 NW2d 604 (2019). Clear error exists where "this Court is left with a definite and firm conviction that the trial court made a mistake." *Id*.

The Fourth Amendment of the United States Constitution protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures," and provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." US Const, Am IV. The Michigan Constitution similarly provides, "The person, houses, papers, possessions, electronic data, and electronic communications of every person shall be secure from unreasonable searches and seizures," and that "[n]o warrant to search any place or to seize

any person or things or to access electronic data or electronic communications shall issue without describing them, nor without probable cause, supported by oath or affirmation." Const 1963, art 1, § 11. "Absent a compelling reason, Michigan Courts must construe Const 1963, art 1, § 11 to provide the same protection as that secured by the Fourth Amendment." *People v DeRousse*, 341 Mich App 447, 454; 991 NW2d 596 (2022) (quotation marks and citation omitted).

Generally, "officers must obtain a warrant for a search to be reasonable under the Fourth Amendment." *People v Carson*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 355925); slip op at 11 (quotation marks and citation omitted), lv gtd 11 NW3d 269 (2024). "A magistrate shall only issue a search warrant when he or she finds that 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.' " *People v Franklin*, 500 Mich 92, 101; 894 NW2d 561 (2017) (citation omitted). "A magistrate's finding of probable cause and his or her decision to issue a search warrant should be given great deference and only disturbed in limited circumstances." *Id*. Due to this deference, when reviewing a lower court's determination on the sufficiency of a search-warrant affidavit, "this Court need only ask whether a reasonably cautious person could have concluded that there was a substantial basis for the finding of probable cause." *People v Mullen*, 282 Mich App 14, 21; 762 NW2d 170 (2008) (quotation marks and citation omitted). Search-warrant affidavits must be read "in a common sense and realistic manner, not a crabbed or hypertechnical manner." *Id*. at 27 (quotation marks and citation omitted).

As defendant observes, the Fourth Amendment contains a particularity requirement, which is satisfied if the search warrant's "description is such that the officer . . . can, with reasonable effort, ascertain and identify the people and property subject to the warrant." *Carson*, ___ Mich App at ___; slip op at 11 (quotation marks and citation omitted). A search warrant must "state with particularity not only the items to be searched and seized, but also the alleged criminal activity justifying the warrant." *People v Hughes*, 506 Mich 512, 538; 958 NW2d 98 (2020). "[S]ome context must be supplied by the affidavit and warrant that connects the particularized descriptions of the venue to be searched and the objects to be seized with the criminal behavior that is suspected, for even particularized descriptions will not always speak for themselves in evidencing criminality." *Id*. "It is well settled that a search may not stand on a general warrant." *Carson*, ___ Mich App at ___; slip op at 11 (quotation marks and citation omitted).[2]

---

[2] Defendant also references the application of a "nexus requirement," as articulated by the United States Court of Appeals for the Sixth Circuit, and then discusses several Sixth Circuit cases applying that "nexus requirement." In *Warden, Md Penitentiary v Hayden*, 387 US 294, 307; 87 S Ct 1642; 18 L Ed 2d 782 (1967), the United States Supreme Court noted, "There must, of course, be a nexus . . . between the item to be seized and criminal behavior. Thus . . . , probable cause must be examined in terms of cause to believe that the evidence sought will aid in a particular apprehension or conviction." Federal courts of appeals, such as the Sixth Circuit, have further considered this nexus framework, which essentially requires a search-warrant affidavit to "demonstrate a nexus between the evidence sought and the place to be searched." *United States v Brown*, 828 F3d 375, 382 (CA 6, 2016). Our published state authorities have not explicitly adopted the nexus framework employed by the federal courts of appeal. See, e.g., *People v Lewis*, 511

Ultimately, the question before us is "whether a reasonably cautious person could have concluded that there was a substantial basis for the finding of probable cause." *Mullen*, 282 Mich App at 21. Probable cause requires "a fair probability that contraband or evidence of a crime will be found in a particular place." *Franklin*, 500 Mich at 101 (quotation marks and citation omitted). In other words, we must determine whether the search-warrant affidavit reflects sufficient facts indicating probable cause that the items to be searched for and seized—the firearms and related objects—were evidence of a crime.[3]

The trial court found there was no probable cause supporting the search for and seizure of the firearms and related objects because the affidavit did not explain "the specific crime" that "led the officers to be able to collect the evidence." Defendant maintains that the trial court's determination was correct because there was no allegation that he "possessed, or used, weapons illegally during either the domestic violence or resisting and obstructing offenses." However, based on a plain reading of the affidavit, and affording the appropriate deference to the issuing judge, we disagree.

The warrant sought "further evidence of the domestic assault." The related facts in the affidavit describe that defendant's wife called the police requesting assistance. When officers arrived at defendant's home, he refused them entry and "brandished" a pistol when an officer knocked on the window. Officers had to evacuate defendant's wife and her children from the home through a basement window. Thereafter, she informed the officers that defendant head-butted her, and that he owned multiple firearms that were inside the home. The affidavit characterized the incident as defendant "barricading himself into the home with a firearm." These

---

Mich 1105, 1112 (2023) (CAVANAGH, J., *dissenting*) (suggesting that our Supreme Court "explicitly adopt [the nexus requirement] into our Fourth Amendment framework").

Regardless, the nexus framework is beside the point in this case. The nexus framework essentially inquires whether it is "proper to infer a fair probability of finding contraband or evidence of a crime at that particular place." *Brown*, 828 F3d at 384. Here, there is no reasonable dispute that the officers and the issuing judge had a sufficient basis for determining that firearms and related objects would be present inside the home. The question before us, rather, is whether those firearms and related objects would be "evidence of a crime." See *Franklin*, 500 Mich at 101.

[3] As to the search and seizure of electronic devices, the trial court found the search warrant invalid for lack of probable cause to that extent because there was "absolutely no basis within the warrant" to search for and seize these electronic devices. We agree. Although the warrant sought "further evidence of the domestic assault," it otherwise provided no context connecting electronics with the domestic assault under investigation. Indeed, there was no mention of the use of electronics in the search-warrant affidavit. Thus, there was not "a fair probability that contraband or evidence of a crime" would be found with respect to these electronics. See *id*. Nor would a reasonably cautious person have concluded that there was a substantial basis for the probable-cause finding with respect to the electronics.

Regardless, because that portion of the search warrant is severable, see *People v Keller*, 479 Mich 467, 479; 739 NW2d 505 (2007), defendant cannot be entitled to relief on this basis.

facts supply adequate context connecting the firearms and related objects to be searched for and seized with defendant's suspected criminal behavior. That is, a common-sense reading of the affidavit shows a connection between the weapons possessed by defendant and what Detective Lyles described to be a barricaded gunman situation.

While defendant, and the dissent, focus on the lack of a connection between the firearms and the initially charged crimes of domestic assault and resisting and obstructing, as the prosecution points out, the affidavit contained facts showing a fair probability that evidence of a crime, such as unlawful imprisonment or assault, was committed with a firearm in the home.[4] For example, the fact that defendant had a gun in his hand supports a reasonable conclusion that the weapon was used to falsely imprison his wife. See MCL 750.349b.[5] Further, while search warrants generally must provide context connecting the items to be searched for and seized "with the criminal behavior that is suspected," *Hughes*, 506 Mich at 538, "Michigan's probable-cause standard relates to whether contraband or evidence of *a* crime will be found in a particular place. It does not require that the evidence sought be particular to the specific offense a defendant is alleged to have committed," *People v Hellstrom*, 264 Mich App 187, 199-200; 690 NW2d 293 (2004) (quotation marks and citation omitted). Accordingly, a reasonably cautious person could have concluded that there was a substantial basis for the finding of probable cause. See *Mullen*, 282 Mich App at 21. Consequently, the trial court erred by invalidating the search warrant with respect to the searched-for and seized firearms and related objects.

Alternatively, even if the search warrant was invalid to that extent, we agree with the trial court that the good-faith exception to the exclusionary rule applies. The exclusionary rule, a judicially-created remedy to address Fourth Amendment violations, generally "bars admission of evidence that was obtained during an unreasonable search." *Carson*, ___ Mich App at ___; slip op at 14. Because the purpose of the exclusionary rule is to deter future police misconduct, the United States Supreme Court articulated a good-faith exception to it in *United States v Leon*, 468 US 897; 104 S Ct 3405; 82 L Ed 2d 677 (1984), which our Supreme Court adopted in *People v Goldston*, 470 Mich 523; 682 NW2d 479 (2004). See *Carson*, ___ Mich App at ___; slip op at 14. "Under the good-faith exception, evidence obtained through a defective search warrant is admissible when the executing officer relied upon the validity of the warrant in objective good faith." *DeRousse*, 341 Mich App at 465.

However, as *Leon* detailed, the good-faith exception does not always apply. *Leon*, 486 US at 923. See also *Carson*, ___ Mich App at ___; slip op at 14-15. Suppression is proper under the following circumstances:

---

[4] Moreover, the fact that defendant's wife believed it necessary to promptly tell the police that defendant had firearms in the home indicates the reasonable possibility that firearms were part of the overall domestic-violence situation from her knowledge and perspective.

[5] We also note that reading the affidavit in context, and in a common-sense manner, one could easily come away with the understanding that defendant displayed a firearm at an officer as a means of threatening that officer with serious injury. See *People v Nix*, 301 Mich App 195, 205; 836 NW2d 224 (2013) (describing the elements of felonious assault).

(1) [I]f the issuing magistrate or judge is misled by information in the affidavit that the affiant either knew was false or would have known was false except for his or her reckless disregard of the truth; (2) if the issuing judge or magistrate wholly abandons his or her judicial role; or (3) if an officer relies on a warrant based on a "bare bones" affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. [*People v Czuprynski*, 325 Mich App 449, 472; 926 NW2d 282 (2018).]

In this case, although defendant argued in the trial court that the issuing judge wholly abandoned her judicial role in finding a substantial basis for probable cause, on appeal, defendant focuses on the third factor, that the officers relied on a warrant based on affidavit so lacking in probable cause as to render official belief in its existence entirely unreasonable. The prosecution also agrees that this is the relevant factor on appeal.

For the reasons explained above, the search-warrant affidavit here was not "bare bones," or "so lacking in indicia of probable cause" that the executing officers could not reasonably rely on it. See *id*. The affidavit detailed that defendant brandished a pistol when officers arrived at the home, and that after being evacuated out of a basement window with her children, defendant's wife informed officers that defendant had multiple firearms inside the home. Given the assertions that defendant was armed and barricaded in his home after assaulting his wife, as well as the implication within the warrant that defendant threatened an officer with a firearm, an officer could reasonably rely on the affidavit in executing the search warrant.

While defendant asserts that "[t]here was absolutely no reason to believe firearms would constitute evidence in a misdemeanor assault investigation that did not involve allegations that weapons or firearms were involved," we note that a search-warrant affidavit "need not *prove* anything." *People v Whitfield*, 461 Mich 441, 445; 607 NW2d 61 (2000). The officers were investigating a barricaded gunman incident and domestic assault. Based on defendant's display of a firearm and subsequent confirmation that there were multiple firearms in the home, the affidavit was not so lacking as to render belief in it wholly unreasonable. Therefore, the trial court properly determined that the good-faith exception to the exclusionary rule applies and properly denied defendant's motion to suppress evidence.

### III. CONCLUSION

The search warrant was supported by probable cause to the extent that it referenced firearms and related objects, and the trial court erred by concluding otherwise. However, in any event, the trial court correctly concluded the good-faith exception to the exclusionary rule applies, so the evidence at issue need not be suppressed. Therefore, we affirm.

/s/ Michael J. Riordan
/s/ Colleen A. O'Brien