PEOPLE v BROWN

Docket No. 303371. Submitted April 11, 2012, at Grand Rapids. Decided
    August 28, 2012, at 9:05 a.m.
    Anthony Ryan Brown was convicted after a bench trial in the Ottawa
        Circuit Court of manufacturing less than 5 kilograms or fewer
        than 20 plants of marijuana, MCL 333.7401(2)(d)(*iii*). The police
        had obtained a search warrant for defendant's home on the basis
        of a tip that defendant had grow lights, ventilation fans and
        marijuana plants in his home, and that a piece of fresh marijuana
        had been found by the police in a trash bag in front of defendant's
        house that had also contained two pieces of mail addressed to
        defendant's confirmed address. Defendant moved to suppress the
        evidence obtained during the execution of the search warrant,
        arguing that the warrant was invalid because the Michigan
        Medical Marihuana Act (MMMA), MCL 333.26421 *et seq.*, made it
        legal to grow certain amounts of marijuana and therefore the
        statement that defendant had been growing marijuana was insuf-
        ficient to provide the police officers with probable cause that a
        crime had been committed. The court agreed that the police lacked
        probable cause to obtain the search warrant because there were no
        facts in the search-warrant affidavit from which a magistrate
        could conclude that possession of the marijuana was not legal
        under the MMMA. However, the court did not suppress the
        evidence, concluding that it was admissible under the good-faith
        exception to the exclusionary rule. Defendant moved for reconsid-
        eration, which the court denied. Defendant appealed.
        The Court of Appeals *held*:
        A search warrant may only be issued upon a showing of
    probable cause. US Const, Am IV; Const 1963, art 1, § 11; MCL
    780.651(1). Probable cause to issue a search warrant exists if there
    is a substantial basis for inferring a fair probability that evidence
    of a crime exists in the stated place. The possession, manufacture,
    use, creation, and delivery of marijuana are still illegal in Michigan
    after the enactment of the MMMA. The MMMA did not abrogate
    state criminal prohibitions of the manufacturing of marijuana, but
    merely provided a procedure by which seriously ill individuals
    using marijuana for specified medical purposes can be identified

and protected from prosecution under state law. To establish probable cause, a search-warrant affidavit does not have to provide facts from which a magistrate could conclude that a suspect's marijuana-related activities are specifically not legal under the MMMA. There was probable cause to issue a search warrant on the basis of the information contained in the police officer's affidavit. To establish probable cause the officer was not required to prove that defendant's alleged possession and manufacture of marijuana were not protected from prosecution under the MMMA. The trial court reached the correct result for the wrong reason.

Affirmed.

SEARCHES AND SEIZURES — MEDICAL MARIJUANA — AFFIDAVITS — SUFFICIENCY.

The possession, manufacture, use, creation, and delivery of marijuana are still illegal in Michigan after the enactment of the Michigan Medical Marihuana Act (MMMA), MCL 333.26421 *et seq.*; the MMMA did not abrogate state criminal prohibitions of the manufacturing of marijuana, but merely provided a procedure by which seriously ill individuals using marijuana for specified medical purposes can be identified and protected from prosecution under state law; to establish probable cause to issue a search warrant, the supporting affidavit does not have to provide facts from which a magistrate could conclude that a suspect's marijuana-related activities are specifically not legal under the MMMA.

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *Ronald J. Frantz*, Prosecuting Attorney, and *Gregory J. Babbit*, Assistant Prosecuting Attorney, for the people.

*Frank E. Stanley* for defendant.

Before: METER, P.J., and SERVITTO and STEPHENS, JJ.

PER CURIAM. Defendant, Anthony Ryan Brown, appeals as of right his conviction, following a bench trial, of manufacturing less than 5 kilograms or fewer than 20 plants of marijuana, MCL 333.7401(2)(d)(*iii*). The trial court sentenced defendant to 30 days in jail (suspended), 2 years' probation, and 100 hours of commu-

nity service. In addition, the trial court imposed a $500 fine and suspended defendant's driver's license for one year. We affirm.

On January 7, 2010, defendant's former roommate, Justin Fielding, contacted police and told West Michigan Enforcement Team Detective David Bytwerk that defendant was growing marijuana in his home in Holland Township. Fielding explained that when he lived with defendant he saw grow lights and ventilation fans installed in the laundry room of the home and small marijuana plants growing under the lights. On February 5, 2010, Bytwerk and another detective searched trash left for pickup on the shoulder of the road in front of defendant's house and found a piece of fresh marijuana in the trash. Bytwerk also found two pieces of mail in the same trash container addressed to defendant. Bytwerk confirmed defendant's address with the Michigan Secretary of State.

Bytwerk included the above facts in his search-warrant affidavit. However, Bytwerk did not check to see if defendant was a qualifying patient or a primary caregiver under the Michigan Medical Marihuana Act (MMMA),[1] MCL 333.26421 *et seq.* Bytwerk explained that he did not check defendant's status under the MMMA because the State Department of Community Health will not provide the police with any information concerning whether a person has a valid MMMA certificate on the basis of the person's name alone. He explained that the Department of Community Health requires an identification number before acknowledging the validity of a certificate.

A magistrate approved the search warrant on February 5, 2010. That same day, Bytwerk and other police

---

[1] The act uses the spelling "marihuana," but we employ the more common spelling "marijuana" in this opinion.

officers executed the search warrant at defendant's home. The officers found eight marijuana plants and two grams of marijuana.

On July 7, 2010, defendant moved to dismiss the case and for a hearing to suppress the evidence obtained during the execution of the search warrant. At the motion hearing defendant argued that the evidence seized during the search should be suppressed because the search warrant was invalid. Defendant claimed that the MMMA made it legal to possess and grow certain amounts of marijuana and, thus, the statement in the affidavit that defendant was growing marijuana was insufficient to provide the police officers with probable cause that a crime had been committed.

The trial court held that the affidavit did not contain sufficient facts to provide a substantial basis for inferring that a fair probability existed that evidence of a crime would be found in defendant's home. The trial court acknowledged that before the effective date of the MMMA, traces of marijuana constituted sufficient evidence of a crime to support probable cause because possession of marijuana was per se illegal. However, the trial court concluded that after the MMMA became effective, an affidavit must provide specific facts sufficient for a magistrate to conclude that the possession of the marijuana alleged in the affidavit is not legal under the MMMA.

Despite its holding, however, the trial court did not suppress the evidence obtained from the search of defendant's home because the trial court applied the good-faith exception to the exclusionary rule. The trial court found that the officers' belief in the validity of the search warrant was not entirely unreasonable because the warrant was not facially invalid, and before the passage of the MMMA, the facts included in the affida-

vit would have been sufficient to establish probable cause that a crime was committed. The trial court also found no evidence that Bytwerk misled the magistrate and that the magistrate did not wholly abandon his role.

Defendant filed a motion for reconsideration on September 15, 2010. The trial court denied defendant's motion, holding that it was "unreasonable to expect that a law enforcement officer would have known that previously sufficient evidence is no longer sufficient to establish probable cause."

After a bench trial, the trial court found defendant guilty of manufacturing marijuana,[2] and defendant now appeals as of right, challenging the validity of the search.

"A trial court's findings of fact on a motion to suppress are reviewed for clear error, while the ultimate decision on the motion is reviewed de novo." *People v Hrlic*, 277 Mich App 260, 262-263; 744 NW2d 221 (2007).

We find that because the possession, manufacture, use, creation, and delivery of marijuana remain illegal in Michigan[3] even after the enactment of the MMMA, a search-warrant affidavit concerning marijuana need not provide specific facts pertaining to the MMMA, i.e., facts from which a magistrate could conclude that the

---

[2] Defendant received a physician certification pertaining to medical-marijuana use on November 20, 2009. Defendant also received a letter from the Department of Community Health on April 6, 2010, explaining that he was approved for a qualifying patient registry identification card. Defendant's identification card indicated that it was issued on February 4, 2010. Nevertheless, the trial court found defendant guilty of manufacturing marijuana. Evidently, defendant did not comply fully with the requirements of the MMMA, although the specifics of the noncompliance are not clear from the present record.

[3] See *People v Bylsma*, 294 Mich App 219, 227; 816 NW2d 426 (2011).

possession, manufacture, use, creation, or delivery is specifically not legal under the MMMA.

A search warrant may only be issued upon a showing of probable cause. US Const, Am IV; Const 1963, art 1, § 11; MCL 780.651(1). Probable cause to issue a search warrant exists if there is a substantial basis for inferring a fair probability that evidence of a crime exists in the stated place. *People v Kazmierczak*, 461 Mich 411, 417-418; 605 NW2d 667 (2000). Probable cause must be based on facts presented to the issuing magistrate by oath or affirmation, such as by affidavit. *People v Waclawski*, 286 Mich App 634, 698; 780 NW2d 321 (2009).

The trial court acknowledged that before the MMMA became effective, traces of marijuana in a suspect's trash would be sufficient for a magistrate to find that probable cause to search existed. However, the trial court concluded that after the MMMA became effective, possession of marijuana was no longer per se illegal. In concluding that possession of marijuana was no longer per se illegal under the MMMA, the trial court, citing *People v Lemons*, 454 Mich 234, 246 n 15; 562 NW2d 447 (1997), acknowledged that

> where the relevant medical-marijuana law provides an affirmative defense to a crime, the fact that a suspect may have a medical authorization to use and possess marijuana does not negate probable cause . . . . That is because an affirmative defense merely excuses or justifies the defendant's criminal act, it does not negate any elements of the crime.

However, the trial court distinguished between the two MMMA sections that provide protection from criminal liability: MCL 333.26424 and MCL 333.26428. MCL 333.26424 provides a qualifying patient or a primary caregiver who meet the requirements of the MMMA

immunity from arrest, prosecution, or "penalty in any manner." MCL 333.26428 allows a "patient" and a "patient's primary caregiver" to assert the medical purpose for using marijuana as an affirmative defense. The trial court argued that to interpret the MMMA as providing only an affirmative defense would make MCL 333.26424 surplusage or nugatory. Accordingly, the trial court held that the immunities provided to a qualifying patient or a primary caregiver under MCL 333.26424 removed the per se illegality of the possession of marijuana. Thus, the trial court reasoned that evidence of a suspect's mere possession of marijuana was no longer sufficient evidence of a crime to support probable cause. The trial court held that to support a probable cause ruling, "the affidavit must set forth specific facts from which a magistrate can conclude the possession is not legal under the MMMA."

The trial court's holding is inconsistent with this Court's statements in *People v King*, 291 Mich App 503; 804 NW2d 911 (2011), rev'd in part on other grounds by *People v Kolanek*, 491 Mich 382 (2012). In *King*, this Court held that "[b]y its terms, the MMMA does not abrogate state criminal prohibitions of the manufacturing of marijuana." *Id*. at 508-509. This Court went on to describe the MMMA's impact on the Public Health Code:

Although these individuals [who are seriously ill and are using marijuana for its palliative effects] *continue to violate the Public Health Code by using marijuana*, the MMMA sets forth narrow circumstances under which they can avoid criminal liability. In other words, the MMMA constitutes a determination by the people of this state that there should exist a very limited, highly restricted exception to the statutory proscription against the manufacture and use of marijuana in Michigan. As such, the MMMA grants narrowly tailored protections to qualified persons as defined in the act if the marijuana is grown and used for certain narrowly

> defined medical purposes. Further, the growing of marijuana is tightly constrained by specific provisions that mandate how, where, for what purpose, and how much marijuana may be grown. [*Id.* at 509 (emphasis added).]

Contrary to the trial court's holding, this Court has held that the MMMA does not abrogate state criminal prohibitions related to marijuana. The MMMA as a whole constitutes a "very limited, highly restricted exception to the statutory proscription against the manufacture and use of marijuana in Michigan." *Id.*

The possession, manufacture, use, creation, and delivery of marijuana remain illegal in this state, even after the enactment of the MMMA. Thus, we conclude that to establish probable cause, a search-warrant affidavit need not provide facts from which a magistrate could conclude that a suspect's marijuana-related activities are specifically not legal under the MMMA. Probable cause exists if there is a substantial basis for inferring a fair probability that contraband or evidence of a crime exists in the stated place. *Kazmierczak*, 461 Mich 417-418. Defendant has presented no authority indicating that for probable cause to exist, there must be a substantial basis for inferring that defenses do not apply. See, generally, *Lemons*, 454 Mich at 246 n 15 (discussing affirmative defenses).[4] We disagree with the trial court's holding pertaining to probable cause.[5]

---

[4] Even if the protection scheme set forth in MCL 333.26424 is not technically viewed as an "affirmative defense," it nonetheless constitutes a "narrowly tailored protection[]" against punishment for a violation of the Public Health Code. *King*, 291 Mich App at 509. The violation itself still exists, see *id.*, and thus we disagree that search-warrant affidavits must set forth information indicating that a suspect's marijuana-related activities are specifically not legal under the MMMA.

[5] While we decline, in light of the pertinent case law, to impose an affirmative duty on the police to obtain information pertaining to a person's noncompliance with the MMMA before seeking a search war-

Accordingly, we affirm the trial court on alternative grounds,[6] and defendant's issue regarding the good-faith exception to the exclusionary rule is moot. See *Contesti v Attorney General*, 164 Mich App 271, 278; 416 NW2d 410 (1987) (discussing mootness).

Affirmed.

METER, P.J., and SERVITTO and STEPHENS, JJ., concurred.

---

rant for marijuana, if the police do have clear and uncontroverted evidence that a person is in full compliance with the MMMA, this evidence must be included as part of the affidavit because such a situation would not justify the issuance of a warrant. This scheme will reduce any potential (however unlikely) for police overreach in attempting to obtain search warrants.

[6] Contrary to defendant's argument, the prosecutor was not obligated to file a cross-appeal to argue an alternative basis for affirmance. *Kosmyna v Botsford Community Hosp*, 238 Mich App 694, 696; 607 NW2d 134 (1999).