*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DEMARIO DARNELL WILLIAMSON,

Defendant-Appellant.

UNPUBLISHED
September 5, 2019

No. 331075
Oakland Circuit Court
LC No. 2015-254641-FH

Before: MURRAY, C.J., and STEPHENS and SHAPIRO, JJ.

PER CURIAM.

Defendant was convicted of possession with intent to deliver 50 grams or more but less than 450 grams of cocaine, MCL 333.7401(2)(a)(*iii*), largely on the basis of contraband discovered in his home during a search. The search was conducted pursuant to a warrant issued by the district court and supported by the investigating detective's affidavit. In that affidavit, the detective made what the prosecution conceded was an untrue statement. Also, the detective had recently been found, by an Oakland Circuit Court judge in another case, to have falsely represented that he had obtained a search warrant for a GPS tracking device he placed on a suspect's car. Nonetheless, the trial court concluded that the making of the false statement in the affidavit was unintentional, and so rejected defendant's argument that the detective's willingness to dissemble rendered his other statements in the affidavit unreliable.

For the reasons stated below, we conclude that the trial court clearly erred in finding the false statement to be unintentional. Accordingly, we vacate the trial court's decision to deny the motion for a new trial and remand the case so that the trial court may determine the extent to which this intentional false statement affects the credibility of the officer's other statements in the affidavit and whether, in that light, the warrant was valid.

## I. FACTS AND PROCEDURE

Detective Charles Janczarek was investigating suspected drug dealing at an address in Pontiac. Seeking a search warrant for the home, Janczarek submitted a sworn affidavit to the district court, based upon which the court issued a warrant. During the search, the police discovered contraband in an amount indicating that the drugs were for sale rather than personal

-1-

use.  Based upon the discovery of the contraband, defendant was arrested at his place of employment.  Pursuant to that arrest, defendant's car, which was in the parking lot of his workplace, was also searched and additional inculpatory evidence was discovered.  All the evidence against defendant at his trial was fruit of the search warrant whose validity is now before us.

The  search warrant affidavit was almost exclusively based on information provided to Janczarek by a confidential informant who, according to the affidavit, told the police that defendant was dealing drugs at the subject address and that he or she had observed defendant with an amount of cocaine in the last 48 hours.  The only information in the affidavit other than that provided by the informant was the fact that an investigation was being conducted regarding the activities at the address and that Janczarek had conducted a criminal history search of defendant showing two prior drug-related convictions.  No details of the investigation were included.  Before trial, defendant filed a motion to suppress the evidence discovered in the search.  He argued, *inter alia*, that Janczarek made untrue statements regarding the informant's reliability.  With that motion, defendant requested that the trial court hold a *Franks*[1] hearing to determine whether Janczarek had done so intentionally.

The portion of the affidavit directed at the reliability of the informant reads as follows:

(7)  The affiant knows the confidential informant to be reliable based upon the following facts:

(A) The informant, by their own volition, has agreed to assist the Oakland County Sheriff's Office in narcotic and dangerous drug investigations and has come to the Oakland County Sheriff's Office for the purpose of offering assistance.

(B) The informant has never furnished any false or misleading information during the time that the affiant has known the informant.

(C) The informant has provided true and accurate details concerning drug trafficking in Oakland County.  This information has been confirmed through various sources and investigative processes.

(D) The informant provided information regarding the narcotics trafficking of Demario Williamson that only Demario Williamson or law enforcement would know.

(E) During a period of time covering over the past thirty days the informant has provided information that has led to the issuance of one search warrant by a judge of the 50th District Court.

---

[1] *Franks v Delaware*, 438 US 154; 98 S Ct 2674; 57 L Ed 2d 667 (1978).

Defendant's motion was heard on September 16, 2015; the focus of the proceeding was Janczarek's averment in paragraph 7(E). Defendant argued that it was inadequate because it did not state whether any charges or convictions had resulted from the issuance of the prior search warrant. The prosecutor suggested that whether or not paragraph 7(E) was accurate, the rest of the affidavit provided probable cause and that a *Franks* hearing was therefore not required. The trial court agreed and denied the motion.

At a later hearing, the prosecution advised the court that she had learned that Janczarek's averment in paragraph 7(E) was an "inaccurate statement" and that actually the confidential informant had never previously provided information that led to the issuance of a search warrant. The trial court decided to take brief testimony from Janczarek. He testified that he wrote subsection 7(E) to indicate that the confidential informant's information *would lead* to the issuance of the subject search warrant, not to any prior warrant. He conceded that his sworn statement was inaccurate because it stated that a prior warrant had been issued on the basis of this informant's information. He stated that he used this inaccurate language because that is how he had been trained to write warrant applications by other officers in the department and that he had not intended to mislead the magistrate. The trial court concluded that subsection 7(E) of the affidavit was inaccurate, but that the officer did not intend to make a false statement, accepting Janczarek's explanation.

Defendant was convicted at trial based upon the evidence resulting from the challenged warrant and appealed to this Court. While his appeal was pending, he filed a motion to remand in order to file a motion for a new trial. He asserted that he had discovered new evidence relevant to the validity of the search warrant. Specifically, he referred to Janczarek's conduct in another Oakland Circuit Court case, *People v Christopher Dukes*, Oakland Circuit Court (LC No. 15-255948-FH). In *Dukes*, Janczarek testified that he had placed a GPS tracking device on Duke's vehicle pursuant to a warrant and that the device provided inculpatory information. Defense counsel advised the court that he had never been informed about the use of a GPS device and had never been provided a copy of the warrant permitting the tracking. After argument, the *Dukes* trial court declared a mistrial and scheduled an evidentiary hearing to determine, *inter alia*, whether the warrant Janczarek testified existed had in fact ever been issued and to thereafter consider whether the mistrial would be with prejudice.

We granted defendant's motion to remand and retained jurisdiction.[2] By the time this case returned to circuit court,[3] the trial court in *Dukes* had held a hearing and determined that Janczarek's testimony at the evidentiary hearing in that case was not credible and found that no warrant had been issued despite Janczarek's testimony that one had been issued. At the hearing in *Dukes*, Janczarek testified that he had obtained a search warrant for the tracking device, but he could not produce the signed warrant or a copy of it. At one point he testified that he had saved it on a computer "thumb drive" but that he could not locate the device. He also testified that the

---

[2] *People v Williamson*, unpublished order of the Court of Appeals, entered September 27, 2017 (Docket No. 331075).

[3] Upon return of the case to circuit court, the original judge was disqualified in an order by the chief judge and the matter was assigned to a new judge.

warrant was in the "arrest packet" he provided to the prosecutor's officer and further that he discussed the warrant with an assistant prosecutor whom he named. The assistant prosecutor testified to the contrary, stating that the warrant was not in the arrest packet and that she had not had any discussion with Janczarek regarding such a warrant. The court found that the prosecutor's testimony was credible, that Janczarek's testimony was not credible and that the search warrant he testified he obtained had in fact never existed.

Returning to the instant case, the parties stipulated to the admission of the transcripts and orders from *Dukes* as evidence to be considered by the trial court in deciding defendant's motion for a new trial. An evidentiary hearing on the motion for a new trial was held on July 19, 2018. At a later date, the trial court delivered its opinion, opining that the events of the *Dukes* case was not sufficient to undermine the detective's credibility and that there was no other evidence to support defendant's claim that Janczarek's false statement in the affidavit was made intentionally or willfully. The trial court therefore denied defendant's motion for a new trial.

## II. ANALYSIS

We review a trial court's decision on a motion for a new trial for an abuse of discretion. See *People v Johnson*, 502 Mich 541, 582; 918 NW2d 676 (2018). We review all of the trial court's factual findings, including credibility determinations, for clear error. See *People v Galloway*, 259 Mich App 634, 638; 675 NW2d 883 (2003). A factual finding is clearly erroneous if we are "left with a definite and firm conviction that a mistake has been made." *Id*.

"A search warrant may only be issued upon a showing of probable cause." *People v Brown*, 297 Mich App 670, 675; 825 NW2d 91 (2012). "Probable cause must be based on facts presented to the issuing magistrate by oath or affirmation, such as by affidavit." *Id*. "[I]f false statements are made in an affidavit in support of a search warrant, evidence obtained pursuant to the warrant must be suppressed if the false information was necessary to a finding of probable cause." *People v Stumpf*, 196 Mich App 218, 225; 492 NW2d 795 (1992), citing *Franks v Delaware*, 438 US 154, 155-156; 98 S Ct 2674; 57 L Ed 2d 667 (1978). To quash a warrant on these grounds, "the defendant must show by a preponderance of the evidence that the affiant had knowingly and intentionally, or with reckless disregard for the truth, inserted false material into the affidavit and that the false material was necessary to a finding of probable cause." *Id*.

The statement in the affidavit that has been shown to be untrue is Janczarek's averment that "[d]uring a period of time covering over the past thirty days the informant has provided information that has led to the issuance of one search warrant by a judge of the 50th district court." The prosecution concedes, and the trial court found, that this sworn statement was untrue. In his testimony at the evidentiary hearing, Janczarek admitted that the informant had *not* provided information leading to issuance of a search warrant within the last 30 days. Moreover, Janczarek testified that the search warrant he was referring to as having been issued in the past was in fact the very search warrant he was now seeking, which of course had not yet been issued. To be clear, there was no search warrant previously issued on the basis of this informant's information despite Janczarek's sworn statement that information from this informant "*has led* to the issuance of a search warrant." (Emphasis added). During his testimony, Janczarek's only explanation for this false swearing was his claim that "[i]t's how I was trained to do it."

Contrary to the trial court, we conclude that this explanation does not render the false statement an unintentional error. First, no evidence was submitted to corroborate that Janczarek was actually trained in this manner. Regardless, we decline to excuse his false statement as unintentional on the dubious grounds that police officers are being trained to make false statements in warrant affidavits.[4] Second, the suggestion that an officer with over 10 years' experience—or indeed any reasonably educated adult—would not know the difference between a warrant he is hoping to have issued and a warrant that has already been issued, or between the past and future tense, is untenable. Third, our conclusion is strengthened by the fact that Janczarek's testimony in *Dukes* that he applied for and obtained a search warrant was found not credible by that court. Indeed, his conduct in *Dukes* falls squarely within the ambit of MRE 404(b) as it is relevant to the nature of his intent in making the untrue statement in this case. Janczarek's willingness to place a GPS tracker on a vehicle without a warrant and then offer what was found to be false testimony regarding his actions is relevant to his credibility in this case and whether the false statement in his affidavit was inadvertent or intentional.

The dissent emphasizes that a trial court's credibility determination is entitled to deference. See MCR 2.613(C); *Galloway*, 259 Mich App at 638. We agree. But deference does not mean that we must automatically affirm the trial court. A trial court's credibility determination is "to be sustained unless clearly erroneous." *People v Farrow*, 461 Mich 202, 208; 600 NW2d 634 (1999). Further, "we give less deference to the factual findings of trial judges than to the factual findings of juries and will not tacitly endorse obvious errors under the guise of deference." *Mich Citizens for Water Conservation v Nestle Waters North American Inc*, 269 Mich App 25, 41; 709 NW2d 174 (2005), aff'd in part, rev'd in part, and remanded on other grounds 479 Mich 280; 737 NW2d 447 (2007).

Here, the statement at issue is objectively untrue. No reasonable person, knowing the actual facts, could have believed that paragraph 7(E) was a true statement. It asserted that a prior warrant had been issued based on material from this informant when in fact no such prior warrant had been issued. Janczarek himself agreed that paragraph 7(E) was misleading. He denied that he intended to mislead the magistrate, but intent can be inferred from a person's actions. *People v Hawkins*, 245 Mich App 439, 458; 628 NW2d 105 (2001). And here, Janczarek has not offered any credible explanation from which to conclude that he did not intentionally place false information in the affidavit. We also note that the trial court gave scant attention to the *Dukes* proceeding even though what occurred in that case was the reason for our

---

[4] If in fact that is how Janczarek was trained to write a search warrant affidavit then an inquiry beyond the scope of this Court's ruling may be in order.

remand.[5]  For those reasons, we are left with a definite and firm conviction that a mistake has been made.

Given our conclusion that Janczarek knowingly and intentionally made a false statement in the search warrant affidavit, we remand so that the trial court can determine if the false statement in the affidavit and his actions in the *Duke* case affect the reliability of the balance of his affidavit and, if so, whether probable cause was properly found.[6]  On remand, the trial court should conduct an evidentiary hearing so that Janczarek can be fully examined regarding his

_____

[5] When giving its ruling, the trial court's only reference to *Dukes* was as follows:

> Defendant's speculation that Janczarek must be lying in this case because another judge questioned his credibility in another case is not sufficient to prove by a preponderance of the evidence that Janczarek knowing and intentionally or with reckless disregard of the truth included a false statement in his search warrant in this case.

However, the judge in *Dukes* did not merely question Janczarek's credibility, it made a specific finding that "[t]he testimony of Detective Janczarek [that a GPS tracking search warrant was issued] is not credible."  It went on to reject his testimony that a warrant was issued, stating,

> He cannot locate a digital copy of the warrant on any of his devices.  He cannot locate the original at the district court.  He cannot locate a copy of the warrant in the file.  He cannot locate a copy in the packet sent to the Oakland County Prosecuting Attorney's Office.  He cannot locate it with the copy of the affidavit found under his stairs.  All of these lead to only one logical conclusion: The warrant never existed and thus was not signed.  Further, to accept his current testimony as true would raise the question of why he never mentioned the [GPS] tracking warrant in the two years and countless court appearances of this case.

Moreover, our conclusion does not rest merely on what occurred in *Dukes*.  To the contrary, the primary basis for our conclusion is that paragraph 7(E) is false on its face and that Janczarek never provided a credible explanation for so obvious a false statement.

[6] The validity of the warrant clearly rests on whether there was a sufficient basis in the affidavit to conclude that the informant was reliable.  The information in the affidavit other than that provided by the informant, i.e., that an investigation was being conducted and that defendant had previously been convicted of two drug offenses, is plainly inadequate to provide probable cause.

other statements in the affidavit concerning the informant's reliability.[7] The trial court should fully articulate the basis for its conclusions so as to aid appellate review.[8]

Reversed and remanded for further proceedings consistent with this opinion.[9] We retain jurisdiction.

/s/ Cynthia Diane Stephens
/s/ Douglas B. Shapiro

---

[7] For instance, Janczarek averred that "[t]he informant has never furnished any false or misleading information during the time that the affiant has known the informant." However, there is no reference—even in general terms—as to how long the officer knew the informant and how many times had he received information from him. If this is the only case on which Janczarek has worked with the informant, this statement carries little weight. The same can be said for the statement that "[t]he informant has provided true and accurate details concerning drug trafficking in Oakland County. This information has been confirmed through various sources and investigative processes." If the true and accurate details that Janczarek referred to relate only to this case, it is unclear how that information could have been verified as accurate *before* the search warrant affidavit was signed. Moreover, there is no indication that information from the informant has ever resulted in a conviction or even an arrest. Thus, these statements suggest the possibility of the same issue presented by the statement regarding the issuance of the warrant, i.e., whether Janczarek's statements regarding the informant's reliability actually refer to previously provided reliable information.

[8] If the trial court ultimately concludes that the search warrant was invalid, the prosecution may not claim that the search was valid pursuant to the good-faith exception to the exclusionary rule. The use of the good-faith exception in Michigan was adopted in *People v Goldson*, 470 Mich 523, 531; 682 NW2d 293, 300 (2004), and the Court noted that the exception did not apply and suppression was still required "if the issuing magistrate or judge is misled by information in the affidavit that the affiant either knew was false or would have known was false except for his reckless disregard of the truth." In other words, the good-faith exception does not apply when good faith is not shown.

[9] Defendant's brief also raises an independent issue concerning the lawfulness of the search of his vehicle. We decline to address that issue now and will address it after remand if the motion for a new trial is denied.

# Court of Appeals, State of Michigan

# ORDER

People of MI v Demario Darnell Williamson

Docket No.    331075

LC No.    2015-254641 FH

Christopher M. Murray
Presiding Judge

Cynthia Diane Stephens

Douglas B. Shapiro
Judges

     Pursuant to the opinion issued concurrently with this order, this case is REMANDED for further proceedings consistent with the opinion of this Court.  We retain jurisdiction.

     Proceedings on remand in this matter shall commence within 56 days of the Clerk's certification of this order, and they shall be given priority on remand until they are concluded.  The proceedings on remand are limited to this issue.

     The parties shall promptly file with this Court a copy of all papers filed on remand. Within seven days after entry, appellant shall file with this Court copies of all orders entered on remand.

     The transcript of all proceedings on remand shall be prepared and filed within 21 days after completion of the proceedings.

/s/ Christopher M. Murray

Murray, P.J., would not remand this case for the reasons stated in the dissenting opinion.

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

September 5, 2019
Date

Chief Clerk