*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

KEVIN JOHN CARLSON,

Defendant-Appellant.

UNPUBLISHED
October 10, 2019

No. 346234
Oakland Circuit Court
LC No. 2018-266958-FH

Before: CAVANAGH, P.J., and BECKERING and GADOLA, JJ.

PER CURIAM.

In this interlocutory appeal, defendant appeals as on leave granted the order of the trial court denying his motions to quash a search warrant and suppress evidence. We affirm.

## I. FACTS

This matter arises from the January 17, 2018 search of defendant's home in Bloomfield Township, Michigan. On that date, police officers were dispatched to defendant's home after receiving a tip that there was an odor of marijuana coming from the home. Upon arriving at the home, the investigating officer, who had received training in the identification and odor of marijuana, detected the odor of marijuana while still in the roadway, then walked up the driveway where he detected a very strong odor of marijuana coming from the home while standing approximately 20 feet from defendant's garage. The officer attempted to contact the resident of the home by knocking at both front doors for several minutes, but received no response. He continued to smell the odor of marijuana while at the doors of the residence. The officer also observed that there were four vehicles in the driveway of the home, one of which had an Ohio license plate that was registered to defendant. A search of the Law Enforcement data base revealed an arrest report for defendant on November 19, 2017, for possession of marijuana; the report indicated that defendant had given the home as his address. Based upon the affidavit of the investigating officer that he detected the strong odor of marijuana emanating from defendant's home and observed defendant's car in the driveway, the magistrate issued a search warrant for the home.

-1-

When the police executed the search warrant, they discovered 155 pounds of marijuana in the house packaged in various bags and jars, nine marijuana plants, plastic bags, digital scales, and a safe containing $82,000 in cash. The police also discovered three tablets of 4-methamphetamine, also known as ecstasy or MDMA, inside the house. At the time of the search, defendant held a valid medical marijuana patient card and five valid caregiver cards, which indicated that defendant was both a patient and a caregiver under the Michigan Medical Marihuana Act (MMMA), MCL 333.26421 *et seq*. Defendant was charged with possession with intent to deliver 45 kilograms or more of marijuana, MCL 333.7401(2)(d)(*i*), possession of a controlled substance (methamphetamine/ecstasy), MCL 333.7403(2)(b)(*i*), manufacture of a controlled substance (marijuana), MCL 333.7401(2)(d)(*iii*), and maintaining a drug house, MCL 333.7405(1)(d).

Before the trial court, defendant moved to quash the search warrant and suppress the evidence discovered in his home. Defendant argued that the odor of marijuana alone is insufficient to establish probable cause and that under the MMMA[1] it was lawful for him to grow and use medical marijuana. The trial court denied defendant's motions, holding that the odor of marijuana alone was sufficient to establish probable cause, and the police were not required to determine whether defendant's possession of marijuana was legal before seeking a search warrant. The trial court concluded that there was probable cause to obtain a search warrant on the basis of the information in the officer's affidavit. The trial court stayed its proceedings to permit defendant to pursue an interlocutory appeal to this Court, challenging the trial court's denial of his motions to quash the search warrant and suppress the evidence. This Court initially denied defendant's application for leave to appeal,[2] and our Supreme Court remanded the matter to us for review as on leave granted.[3]

## II. DISCUSSION

Defendant contends that any evidence discovered in his home by police executing the search warrant is inadmissible under the Fourth Amendment because the odor of marijuana alone is insufficient evidence of criminality to give rise to probable cause for a search warrant, and therefore, the search was constitutionally invalid. We disagree.

## A. STANDARD OF REVIEW

We review de novo the trial court's ruling on a motion to suppress evidence, and its determinations whether the Fourth Amendment was violated and whether the exclusionary rule applies. *People v Woodard*, 321 Mich App 377, 382-383; 909 NW2d 299 (2017). We review

---

[1] The Michigan Regulation and Taxation of Marihuana Act (MRTMA), MCL 333.27951 *et seq.*, which decriminalizes the possession and use of marijuana, was not in effect at the times relevant to this case.

[2] *People v Carlson*, unpublished order of the Court of Appeals, entered December 12, 2018 (Docket No. 346234).

[3] *People v Carlson*, 503 Mich 1035 (2019).

the trial court's factual findings for clear error. *Id*. at 382. Clear error exists when this Court is left with a definite and firm conviction that the trial court has made a mistake. *People v Barbarich*, 291 Mich App 468, 471; 807 NW2d 56 (2011).

When determining whether probable cause supported a search warrant, we review the issuance of a search warrant in the context of the facts and circumstances supporting the magistrate's determination that probable cause existed. *People v Martin*, 271 Mich App 280, 298; 721 NW2d 815 (2006). Both the search warrant and supporting affidavit are reviewed "in a commonsense and realistic manner to determine whether a reasonably cautious person could have concluded that there was a substantial basis for finding probable cause." *Id*. In so doing, we defer to the magistrate's decision. *People v James*, ___ Mich App ___, ___; 932 NW2d 248, 255 (2019). We will only disturb a magistrate's finding of probable cause and decision to issue a search warrant in limited circumstances. *People v Franklin*, 500 Mich 92, 101; 894 NW2d 561 (2017).

## B. ODOR OF MARIJUANA AS PROBABLE CAUSE

Defendant first argues that the trial court erred by not quashing the search warrant because, although the odor of marijuana alone may be sufficient to establish probable cause to search a vehicle, it is insufficient to establish probable cause to search a home. We disagree.

The Fourth Amendment of the United States Constitution guarantees the right of the people to be secure against unreasonable searches and seizures. US Const, Am IV. The Michigan Constitution guarantees the same rights. Const 1963, art 1, § 11. In light of the prohibition against unreasonable searches and seizures, a search warrant may only be issued when there is a showing of probable cause sufficient to justify the search. MCL 780.651(1);[4] *Franklin*, 500 Mich at 100. "Probable cause to issue a search warrant exists where there is a 'substantial basis' for inferring a 'fair probability' that contraband or evidence of a crime will be found in a particular place." *People v Kazmierczak*, 461 Mich 411, 417-418; 605 NW2d 667 (2000), quoting *People v Russo*, 439 Mich 584, 604; 487 NW2d 698 (1992). "Probable cause must be supported by an oath or affirmation" that includes facts within the affiant's knowledge. *People v Martin*, 271 Mich App 280, 298; 721 NW2d 815 (2006) (citations omitted). Evidence that is obtained in violation of the Fourth Amendment generally is inadmissible in a criminal proceeding. *Kazmierczak*, 461 Mich at 418.

---

[4] MCL 780.651(1) states:

> When an affidavit is made on oath to a judge or district court magistrate authorized to issue warrants in criminal cases, and the affidavit establishes grounds for issuing a warrant under this act, the judge or district court magistrate, if he or she is satisfied that there is probable cause for the search, shall issue a warrant to search the house, building, or other location or place where the person, property, or thing to be searched for and seized is situated.

To comply with the Fourth Amendment prohibition against unreasonable searches and seizures, police must establish probable cause, and that they either obtained a warrant to search, or that their search fell within an exception to the search warrant requirement. *Id*. at 418, 420-422. In this case, the trial court determined that probable cause was established because, as in *Kazmierczak*, the officer could smell the strong odor of marijuana while standing outside defendant's home. Defendant argues, however, that our Supreme Court's determination in *Kazmierczak* is inapplicable here because the search in this case involved a home and not a vehicle. That argument, however, conflates the concept of probable cause and how it may be established, with the concept of search warrant exceptions and when they exist. See *id*. at 420.

In *Kazmierczak*, police conducted a warrantless search of the trunk of the defendant's vehicle after stopping the car for speeding. One of the arresting officers testified that he smelled an odor of "unburned marijuana" emanating from the defendant's trunk. *Id*. at 414. The defendant sought to suppress the marijuana discovered inside his trunk, arguing that the police lacked probable cause to search his vehicle. *Id*. Our Supreme Court explained that the first inquiry was whether probable cause to search existed. *Id*. at 420-421. The Court determined that in that case, there was probable cause to search because "[p]robable cause can exist when the odor of marijuana [detected by a person qualified to know the odor] is the only factor indicating the presence of contraband." *Id*. at 424. Having determined that probable cause existed, the Court then turned to the next inquiry, being whether a search warrant was obtained, and if not, whether the search fell within an exception to the search warrant requirement. *Id*. at 422. The Court concluded that although a search warrant had not been obtained in that case, the search fell within the automobile exception to the warrant requirement, and therefore was valid. *Id*.

Thus, the initial inquiry is whether the police had probable cause to search. Here, the investigating officer asserted that he smelled the strong odor of marijuana emanating from the home. As noted, "[p]robable cause can exist when the odor of marijuana is the only factor indicating the presence of contraband." *Id*. at 424. Whether the suspected contraband is in a house or a vehicle is irrelevant during the initial inquiry regarding whether probable cause exists. That information is not relevant until the next inquiry, which is whether the police obtained a warrant before searching. If not, then the police must demonstrate that their search fell within a valid exception to the search warrant requirement, at which point the location of the contraband in a home rather than a vehicle would be a relevant inquiry. Because in this case it is undisputed that the police obtained a warrant to search defendant's home, the situs of the search being a home rather than a vehicle is not relevant to the determination of the validity of the search. In light of *Kazmierczak*, the strong odor of marijuana that the officer smelled provided a substantial basis to infer a fair probability that contraband or evidence of a crime would be found inside defendant's home. See *id*. at 417-418. Because police then obtained a warrant before searching, the location of the contraband in a home rather than in a car is inapposite.

## C. ODOR OF MARIJUANA AS PROBABLE CAUSE AFTER THE ENACTMENT OF THE MMMA

Our Supreme Court issued its decision in *Kazmierczak* before the MMMA was enacted. Defendant suggests that because the MMMA makes the possession of marijuana legal in some circumstances, and because the MRTMA further decriminalized the possession and use of

marijuana, the mere odor of marijuana is no longer sufficient to establish probable cause of criminal activity. We disagree.

Defendant concedes that the MRTMA was not in effect at the times relevant to this case, and therefore is not applicable, but urges this Court to consider that statute. We decline to do so. By contrast, the MMMA became effective on December 4, 2008. *People v Kolanek*, 491 Mich 382, 393; 817 NW2d 528 (2012). The intent of the MMMA was to permit a limited class of individuals the medical use of marijuana. *Id*. "The MMMA defines the parameters of legal medical-marijuana use, promulgates a scheme for regulating registered patient use and administering the act, and provides for an affirmative defense, as well as penalties for violating the MMMA." *Id*. at 394. The MMMA did not legalize marijuana; in addition to providing for an affirmative defense, it also provided qualified registered patients with immunity from prosecution for the medical use of marijuana. *People v Koon*, 494 Mich 1, 5; 832 NW2d 724 (2013). The possession, manufacture, and delivery of marijuana remained punishable offenses under Michigan law after the enactment of the MMMA. *Kolanek*, 491 Mich at 394.

After the enactment of the MMMA, this Court addressed the continued viability of *Kazmierczak* in *People v Brown*, 297 Mich App 670, 674-675; 825 NW2d 91 (2012). In that case, the defendant was a qualified patient under the MMMA at the time the police sought to obtain a search warrant for his home. The police officer who completed the search-warrant affidavit did not inquire into the defendant's potential status as a qualifying MMMA patient or primary caregiver. Following his arrest for manufacturing marijuana, the defendant argued that the search warrant was invalid because the MMMA made it legal to possess and grow a limited amount of marijuana. *Id*. at 673. This Court disagreed, holding that "to establish probable cause, a search-warrant affidavit need not provide facts from which a magistrate could conclude that a suspect's marijuana-related activities are specifically not legal under the MMMA." *Id*. at 677.

This Court in *Brown* relied on the probable-cause standard articulated in *Kazmierczak* to hold that there was probable cause to search the defendant's home. *Id*., citing *Kazmierczak*, 461 Mich at 417-418. This Court again observed that *Kazmierczak* remains good law, despite the enactment of the MMMA, in *People v Anthony*, 327 Mich App 24, 44-45; 932 NW2d 202 (2019) (rejecting the argument that the MMMA changed the applicability of *Kazmierczak* and concluding that a license issued under the MMMA is limited and does not permit the use of medical marijuana in all public places).

In sum, the officer's observation of the strong odor of marijuana emanating from defendant's home was sufficient to provide the requisite probable cause to support the warrant issued. See *Kazmierczak*, 461 Mich at 424. Further, the police were not obligated to determine, before obtaining a search warrant, the legality of the marijuana-related activities inside defendant's home or whether defendant's activities complied with the MMMA. *Brown*, 297 Mich App at 677.

We also reject defendant's argument that marijuana has been effectively reclassified as a Schedule 2 controlled substance because of alleged inconsistencies between the Medical Marihuana Facilities Licensing Act, MCL 333.27101 *et seq*., and §7212 of the Michigan Controlled Substances Act, MCL 333.7212. That argument is not relevant here when the

question before us is whether the trial court properly denied the motions to quash the search warrant and suppress the evidence seized. After the enactment of the MMMA, the possession, manufacture, and delivery of marijuana remained punishable under Michigan law. *Kolanek*, 491 Mich at 394. The magistrate therefore issued a search warrant upon being presented with evidence of those offenses. Defendant's argument is not relevant to the inquiry of whether the search warrant was supported by probable cause, and we conclude that the trial court did not err in denying defendant's motions to quash the search warrant and suppress the evidence in question.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Jane M. Beckering
/s/ Michael F. Gadola