*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ROBERT DAVID BERNDT, JR.,

        Defendant-Appellant.

UNPUBLISHED
February 10, 2022

No. 355771
Muskegon Circuit Court
LC No. 19-002520-FH

Before: BORRELLO, P.J., and M. J. KELLY and REDFORD, JJ.

PER CURIAM.

Defendant, Robert Berndt, Jr., entered a conditional plea of no contest to one count of allowing an intoxicated person to operate a motor vehicle causing death, MCL 257.625(4), (10)(b). The conditional plea preserved his right to appeal the circuit court's order denying his motion to suppress the results of a blood test. He appeals now by leave granted.[1] For the reasons stated in this opinion, we affirm.

## I. BASIC FACTS

On September 23, 2018, Berndt ran a stop sign and was struck by a semitruck. As a result of the impact, the semitruck flipped over and its driver was killed. After three search warrant affidavits for a blood draw from Berndt were rejected, the fourth search warrant affidavit was approved and his blood was drawn. The lab test found a level of THC in Berndt's blood sufficient for the court to find that he was under the influence of THC at the time of the accident.

Berndt was charged with operating while intoxicated causing death and moving violation causing death. On January 23, 2019, he filed with the district court a motion to suppress the evidence obtained pursuant to the search warrant. He alleged that the search warrant affidavit contained false statements, omitted material information, was supported by evidence that was

---

[1] *People v Berndt*, unpublished order of the Court of Appeals, entered February 16, 2021 (Docket No. 355771).

illegally obtained, and lacked probable cause. On April 8, 2019, a hearing on defendant's motion to suppress was held in the district court. At that time, Berndt placed a number of stipulations on the record involving the search warrant. Per the stipulations, the following information was removed from the search warrant affidavit:

> That [the affiant] has personally observed the above named driver or been informed by _____ who had personally observed the above named driver and believes that said driver to be Under the Influence of Intoxicating Liquor and/or Controlled Substances based on the following observations:

> That said driver has refused a Breathalyzer Test after having been informed of his rights under the Implied consent Law.

> The three bags were searched by Deputy Vanas and Deputy Bean. Deputy Bead advised that residue of plant material consistent with marijuana was located in the gray bag.

Additionally, the following information was added to the search warrant affidavit:

> Defendant Berndt was administered the [Horizontal Gaze Nystagmus] Test, Walk and Turn Test and One Leg Stand Test and passed all tests with no problems.

> Defendant Berndt was administered a preliminary breath test (PBT) with results showing .000% BAC.

There was no stipulation, however, concerning the first sentence in Appendix A to the affidavit. Berndt argued that the sentence was false, was included in the affidavit by the affiant knowingly and intentionally or with reckless disregard for the truth, and was also necessary for the finding of probable cause. Therefore, he asserted that once it was removed, there would not be sufficient information to establish probable cause, and the search warrant and the blood test results would have to be suppressed. The challenged sentence provided: "Deputy [Jason] VanAndel spoke with Berndt if he had been drinking and using drugs and he hesitated about the use of drugs."

At the hearing, Deputy VanAndel testified that at the scene of the accident he asked Berndt if he had "drank anything today," and Berndt, "without hesitation," said, "I haven't drank any alcohol today." He asked Berndt "if he could pass a drug test." Berndt "hesitated and . . . then he just, sort of, kind of, gave a ho, yeah, sort of, a hesitating unsure answer." Deputy VanAndel then informed Berndt that when there were serious crashes, the police ask the drivers to take a blood test. Berndt answered that he would pass a breathalyzer test because he had not been drinking, but he was not sure if he would pass a drug test and did not answer whether he would take the blood test. Deputy VanAndel told Berndt, if he refused, then they would seek a search warrant for the blood test. Deputy VanAndel told Berndt that he would "need more of a clarifying answer," and Berndt said, "if you're making me—if you're saying that I have to take one you're going to mandate me to take one then I'll take one." Deputy VanAndel replied that he was not "mandating," he was "requesting." He told Berndt, "I'm not going to make you take something. I will seek a search warrant if that's the case." Berndt never said that he would take the test. Deputy VanAndel did not see any signs of intoxication and did not administer any of the tests to determine whether defendant was intoxicated. Deputy VanAndel then had Deputy Kendall Jeppesen, who was at the

accident scene, take Berndt down to the jail to seek a search warrant. Deputy VanAndel testified that he told Deputy Jeppesen, who prepared the search warrant affidavits, that Berndt did not "give me a yes or no answer which I had specifically asked for."

Deputy Jeppesen testified that Deputy VanAndel specifically told him that he had asked Berndt if "he had been drinking and using drugs and he hesitated about the use of the drugs." Deputy VanAndel specifically told him that "he hesitated about the use of drugs." On the basis of that information, Deputy Jeppesen wrote the challenged sentence. Both deputies and the sergeant testified that they had no intention to submit false information. During the preparation of the affidavits, Berndt was administered all the tests for intoxication at the jail, and passed them all.

Finally, the judge who issued the search warrant testified that if he had been presented with the search warrant affidavit after the stipulated removals and additions, and even if the disputed sentence had also been removed, he still would have found probable cause to grant the search warrant.

Following testimony and the parties' arguments, the district court denied the motion to suppress. The court stated that, with regard to the challenged sentence, it did not find any evidence of intentional, knowing, false statements or reckless disregard for the truth. It further held that the difference between "will you pass a drug test versus did he deny using controlled substances . . . [was] a distinction without difference." The court explained that it looked at the totality of the circumstances and found that while there was some superfluous information included in the search warrant affidavit, after the stipulated removals and additions, there remained sufficient information for a reasonable person to conclude that there was a probability that evidence of a crime would be found.

Berndt was bound over to the circuit court. He then filed a second motion to suppress, which contained essentially the same allegations that were raised in the district court. Additional testimony was taken from the deputies and the sergeant. The parties agreed that one of the main issues before the court was whether the challenged sentence should be removed because it was false and made intentionally or with reckless disregard for the truth. The circuit court issued a written opinion denying the motion to suppress. Addressing the challenged sentence, the court stated:

> Responding to a question about whether he would pass a drug test is tantamount to answering whether or not he had used drugs. The controversial sentence is not false. Moreover, to the extent it is [in] any manner inaccurate, it clearly is not an intentional or knowing falsity nor was it made with reckless disregard for the truth.

Regarding whether the search warrant affidavit, in its totality—after the stipulated information was removed and the stipulated addition was included—established probable cause for a search warrant to draw Berndt's blood, the court stated:

> This Court finds, as did the District Judge and the judge who issued the warrant, that these facts provided sufficient information for a reasonably cautious person to conclude there was a substantial basis for a finding of probable cause to believe the

Defendant had operated a motor vehicle in violation of MCL 257.601(d)(1) and/or MCL 257.625(8), and that evidence of prohibited drugs will be found in his blood.

Thereafter, Berndt entered a conditional plea of no contest to allowing an intoxicated person operate a motor vehicle causing death. This appeal by leave granted follows.

## II. MOTION TO SUPPRESS

## A. STANDARD OF REVIEW

Berndt argues that the circuit court erred by denying his motion to suppress. This Court reviews a trial court's findings of fact at a suppression hearing for clear error and reviews de novo its ultimate decision on a motion to suppress the evidence. *People v Brown*, 297 Mich App 670, 674; 825 NW2d 91 (2012).

## B. ANALYSIS

As this Court explained in *Brown*, 297 Mich App at 675:

> A search warrant may only be issued upon a showing of probable cause. Probable cause to issue a search warrant exists if there is a substantial basis for inferring a fair probability that evidence of a crime exists in the stated place. Probable cause must be based on facts presented to the issuing magistrate by oath or affirmation, such as by affidavit. [Citations omitted.]

In *Illinois v Gates*, 462 US 213, 238-239; 103 S Ct 2317; 76 L Ed 2d 527 (1983), the Court held:

> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for . . . conclud[ing] that probable cause existed. [Citation omitted.]

A magistrate's finding of probable cause and his or her decision to issue a search warrant should be given great deference. *People v Keller*, 479 Mich 467, 474; 739 NW2d 505 (2007). Consequently,

> a search warrant and the underlying affidavit are to be read in a common-sense and realistic manner. Affording deference to the magistrate's decision simply requires that reviewing courts ensure that there is a substantial basis for the magistrate's conclusions that there is a fair probability that contraband or evidence of a crime will be found in a particular place. [*People v Russo*, 439 Mich 584, 604; 487 NW2d 698 (1992) (quotation marks and citation omitted.]

Regarding the allegation of false statements in an affidavit, in *Franks v Delaware*, 438 US 154, 155-156; 98 S Ct 2674; 57 L Ed 2d 667 (1978), the United States Supreme Court held:

> Where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment, as incorporated in the Fourteenth Amendment, requires that a hearing be held at the defendant's request.

In *People v Franklin*, 500 Mich 92, 111; 894 NW2d 561 (2017), our Supreme Court held that "even in the absence of the substantial preliminary showing required by *Franks*[,] a trial court may conduct an evidentiary hearing concerning the veracity of a search warrant affidavit[.]" However, "the defendant must still meet his or her full burden of establishing by a preponderance of the evidence that the affidavit contains a reckless or deliberate falsehood and that with this material 'set to one side, the affidavit's remaining content is insufficient to establish probable cause.' " *Id.*, quoting *Franks*, 438 US at 156.

Berndt first argues that deference should not be afforded to the magistrate's determination of probable cause because it was based on content that was later removed and the absence of content that was later added by stipulation of the parties. Berndt contends that, after those removals and additions, the facts were insufficient to establish probable cause. However, although at the time of the magistrate's decision the affidavit contained information that was later removed and did not contain information that was later added, both the district court and the circuit court made their findings on the basis of the stipulated removals and additions to affidavit. In addition, the magistrate testified before the district court that if he had seen a "corrected" affidavit, he still would have found probable cause to grant the search warrant. See *People v Czuprynski*, 325 Mich App 449; 926 NW2d 282 (2018) (stating that "only when material misstatements or omissions *necessary to the finding of probable cause* have been made should a search warrant be invalidated"). Therefore, reversal is not warranted on this basis.

Next, Berndt argues that the evidence that he passed all the tests regarding whether he was under the influence of alcohol should have precluded finding probable cause to support a search warrant. This argument misapprehends the purpose for the warrant in this case. The officers did not suspect that he was under the influence of alcohol, so the fact that he passed tests designed to detect intoxication by alcohol is not dispositive.

Berndt also argues that the following statement in the affidavit was false: "Deputy [Jason] VanAndel spoke with Berndt if he had been drinking and using drugs and he hesitated about the use of drugs." Like the district court and the circuit court, however, we find the issue to be one of semantics. Although Deputy VanAndel directly asked if Berndt would pass a drug test, the question implicitly inquired as to whether Berndt had been using drugs. As a result, neither the district court nor the circuit court clearly erred by finding that the statement was not false.

The officers were seeking a blood test to determine if there were any drugs in Berndt's system. Berndt hesitated when asked about whether he could pass a drug test. Implicit in that question was an inquiry into whether he had used drugs. Berndt's contention on appeal that the

officer's "subjective interpretation" of his hesitation was not sufficient for a reasonably cautious person to conclude that there was a substantial basis for a finding of probable cause is not supported by caselaw. As explained in *United States v Cortez*, 449 US 411, 418; 101 S Ct 690, 695; 66 L Ed 2d 621 (1981), the search warrant process deals with probabilities, and common-sense conclusions about human behavior, and that law enforcement officers are permitted to use their common sense and, in this case, their many years of experience. The officers were seeking a blood test to determine if there were any drugs in Berndt's system. The affidavit contained a reasonable probability that drugs would be found, given Berndt's hesitation to answer whether he would pass a drug test, his failure to consent to a blood draw, and the fact that a K-9 alerted on bags removed from the vehicle and the center console of the vehicle. Viewing the affidavit in a "common-sense and realistic manner," we conclude that the court did not clearly err by concluding that a reasonable and prudent person would have found a fair probability that the evidence of the suspected crime would be found in Berndt's blood. The court did not clearly err in finding sufficient evidence in the affidavit to support the issuance of a search warrant. Therefore, the trial court did not err by denying the motion to suppress.

Affirmed.

/s/ Stephen L. Borrello
/s/ Michael J. Kelly
/s/ James Robert Redford